Howard T. Fisher & Associates, Inc., an Illinois Corporation, Appellant, v. Shinner Realty Company (Formerly Known as Lincoln Village Shopping Center, Inc.), an Illinois Corporation, and Ernest G. Shinner, Appellees.

Gen. No. 47,778.

First District, First Division.

February 1, 1960.

Released for publication February 24, 1960.

Thomas H. Fisher and Norman Crawford, of Chicago, for appellant.

Suekoff, Frost, and Spiegel, and Morris Karon, of Chicago (Raymond I. Suekoff, Morris D. Spiegel, and Morris Karon, of counsel) for appellees.

JUSTICE McCORMICK delivered the opinion of the court.

This is an appeal from an order of the Municipal Court of Chicago sustaining the motion of defendants Shinner Realty Company (hereafter referred to as "Shinner") and Ernest G. Shinner to dismiss a suit brought by plaintiff Howard T. Fisher & Associates, Inc. (hereafter referred to as plaintiff). The court entered a final judgment dismissing the suit out of court. The trial court ruled that the issues involved in the case before it had been tried and adjudicated in a prior case.

Plaintiff's statement of claim in the Municipal Court was in two counts. In the first count plaintiff alleged that it and defendant Shinner had entered into a certain written contract on October 6, 1949, under the terms of which the plaintiff had agreed to perform certain services for Shinner for a sum of money equal to five percent of the cost of constructing and installing certain buildings and other improvements described in the written contract, less the sum of $5,000 to be paid to one Sailor by Shinner in accordance with the terms of the written contract, a copy of which was attached to the statement of claim as an exhibit. The plaintiff alleged that it had received payments from the defendant Shinner on account of the contract totaling $9,625. The plaintiff further alleged that it had fully performed all of the obligations under the contract until prevented by the failure of Shinner to make the payments required thereunder and by Shinner's action in breaching and repudiating the written contract, and the plaintiff prayed for a money judgment.

In the second count of the plaintiff's statement of claim the plaintiff alleged that the other defendant, Ernest G. Shinner, had wrongfully and without lawful justification or excuse induced and caused Shinner to breach the written contract and interfered with and prevented Shinner's performance thereof, and prayed for money damages.

Defendants Shinner and Ernest G. Shinner filed a motion to dismiss both causes of action on the ground that the causes of action alleged are barred by a prior judgment and the matters and things complained of in count one are res judicata and plaintiff is estopped by the decree entered in the prior case from reasserting the said cause of action or any part thereof. In the motion the defendants set up that on December 28, 1951, an action by plaintiff was brought against Lincoln Village Shopping Center, Inc. and Ernest G. Shinner in the Circuit Court of Cook County upon the same cause of action and that the defendants in the action now before the court are the same defendants, since the Shinner Realty Company is the successor of Lincoln Village Shopping Center, Inc., and in addition alleged that as to count two of the statement of claim any action against Ernest G. Shinner is barred by the statute of limitations. In support of their motion to dismiss, the defendants filed an affidavit of Raymond I. Suekoff, one of the attorneys for the defendants. In addition the defendants filed as exhibits all pleadings in the Circuit Court case, together with a copy of the decree entered therein, an order entered in the Circuit Court taxing master's fees as costs against the plaintiff, the opinion of the Appellate Court of Illinois, First District (sustaining the Circuit Court decree entered March 28, 1957), reported as an abstract opinion in 17 Ill.App.2d 418, a final letter from the Clerk of the Supreme Court of Illinois advising that the petition for leave to appeal in that

case was denied, and an order entered on September 21, 1955, in the Circuit Court referring to a master in chancery defendants' motion to strike plaintiff's amendment and supplement to the complaint and amendment to the reply "together with all other issues raised by the pleadings as amended and supplemented herein," which order was O.K'd by the attorneys for plaintiff and defendant.

The plaintiff thereupon filed an answer to the defendants' motion to dismiss denying that the action in the Circuit Court was the same cause of action as that alleged in count one of the statement of claim, inasmuch as the action in the Circuit Court was brought solely to foreclose a mechanic's lien upon certain Chicago real estate and for a declaratory judgment, and also alleged that in the Circuit Court a decree had been entered on May 20, 1953, that the plaintiff had a right to a mechanic's lien, that the decree entered on March 28, 1957, was null and void, and that the present cause of action in the Municipal Court of Chicago was not barred by the prior judgment or decree in the Circuit Court of Cook County. In the answer the plaintiff also denied that the cause of action alleged in count two against defendant Ernest G. Shinner was barred by the statute of limitations inasmuch as the action is for a "tortious action of Defendant, Ernest G. Shinner, which commenced in 1950 and continued to the date of the filing of the Statement of Claim herein." With the answer the plaintiff filed a counteraffidavit of Thomas H. Fisher, one of the attorneys for the plaintiff. Attached was a copy of the decree entered in the Circuit Court of Cook County on May 20, 1953.

The trial court entered a final judgment on January 15, 1959, ordering that the suit be dismissed. From that judgment order this appeal is taken.

Plaintiff took an appeal from the judgment and decree of March 28, 1957, to the Appellate Court, which

proceedings are fully summarized in the opinion in Howard T. Fisher & Associates, Inc. v. Lincoln Village Shopping Center, Inc., et al., 17 Ill.App.2d 418. In that case the Appellate Court affirmed the judgment of the Circuit Court and held that the decree entered in the Circuit on March 28, 1957, was valid and that the plaintiff had waived any rights that it might have under the ex parte decree entered in the same court on May 20, 1953. On September 16, 1958, the Clerk of the Supreme Court notified the attorneys for the defendants that leave to appeal in that case had been denied.

The defendants urge that plaintiff's suit in the Municipal Court raises the same issues which were raised in the suit to foreclose the mechanic's lien in the Circuit Court, to-wit: (1) whether plaintiff's contract of October 6, 1949, was a valid contract; (2) whether defendant Shinner had not properly terminated the contract for plaintiff's failure to perform; and (3) whether there was anything due the plaintiff under that contract.

The plaintiff argues that a decree dismissing for want of equity a suit for foreclosure of a mechanic's lien under the Illinois Mechanic's Lien Act is never a bar to a subsequent action at law in assumpsit to recover money damages for breach of the same contract, and in support relies upon Geary v. Bangs, 138 Ill. 77. In that case the plaintiff sued at law in assumpsit to recover a balance claimed to be due from the defendant to the plaintiff for work and labor performed and materials furnished by the plaintiff to defendant in the erection of a building. The defendant pleaded non assumpsit and also added a special plea of res judicata based upon prior proceedings in equity in a mechanic's lien suit previously brought by the plaintiff against the defendant to foreclose a mechanic's lien on the same property, in which mechanic's lien suit a decree was originally rendered in the trial court

221

in plaintiff's favor establishing such lien, which decree was subsequently reversed by the Illinois Appellate Court. In the second suit the plaintiff alleged he performed part of the work in question, for which he had received his first payment under his contract, that the defendant refused to pay him his second payment, that the plaintiff stopped work and brought the second suit at law to recover the sum due for work performed and materials furnished. Judgment was rendered for the plaintiff in the second suit, which judgment was affirmed in the Appellate Court. On further appeal the Supreme Court affirmed the judgment of the Appellate Court. The Supreme Court holds that since neither the plea nor the evidence offered under it indicated the precise ground upon which the mechanic's lien was denied, the facts presented cannot be held to amount to a defense of res judicata or estoppel.

In Cheevers v. Stone, 10 Ill.App.2d 39, the court held that the dismissal of the complaint in chancery to foreclose a mechanic's lien may be raised as a defense of res judicata in an action brought on the same contract in another court, since the issues in both courts were the same, and the court further points out that the dismissal of a suit based on a technical deficiency in a pleading will not bar another action for the same cause, but where a judgment is a judgment on the merits of plaintiff's cause of action, whether raised by a motion to dismiss or otherwise, such judgment will be res judicata as to a subsequent action raising the same issues.

In 23 I. L. P., Judgments, sec. 322, the rule is laid down that a judgment is on the merits when it amounts to a decision as to the respective rights and liabilities of the parties, based on the ultimate facts or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends, irrespec-

tive of formal, technical, or dilatory objections or contentions. In section 302 it is stated that where the requirements for res judicata are present a decree in chancery will bar a subsequent action at law and *vice versa*.

█ Where a controlling fact or matter is in issue between the parties to a suit and is determined and decided by the judgment in such suit, and such fact or matter is again in issue between the same parties in a subsequent suit, the former adjudication, if properly presented and relied on, will be conclusive of the issue in the later suit whether the cause of action is the same in both suits or not. People v. Louisville & N. R. Co., 350 Ill. 274, cited with approval in Voss Truck Lines, Inc. v. Pike, 350 Ill. App. 528. See also Rose v. Dolejs, 7 Ill.App.2d 267, and Hoffman v. Hoffman, 246 Ill. App. 60. In Godschalck v. Weber, 247 Ill. 269, the court says:

" '. . . The plea of res judicata applies not only to the point upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising a reasonable diligence, might have brought forward in time.' [Quoting from Henderson v. Henderson, 3 Hare, 115.] The principle 'extends not only to questions of fact and law which were decided in the former suit, but also to the grounds of recovery or defense which might have been but were not presented.' (Town of Beloit v. Morgan, 7 Wall. 619.) The language of these decisions has been quoted as announcing the true doctrine in Litch v. Clinch, 136 Ill. 410, and Harmon v. Auditor of Public Accounts, 123 Ill. 122."

See also Life Printing & Publishing Co., Inc. v. Marshall Field III, 327 Ill. App. 486, and Marie Methodist Episcopal Church of Chicago v. Trinity Methodist Episcopal Church of Chicago, 253 Ill. 21.

223

In a mechanic's lien proceeding the pleadings determine what matters are in issue. Manowsky v. Stephan, 233 Ill. 409. Upon a careful examination of the pleadings in the suit to foreclose the mechanic's lien and for a declaratory judgment brought in the Circuit Court, together with the opinion of the Appellate Court in Howard T. Fisher & Associates, Inc. v. Lincoln Village Shopping Center, Inc., et al., supra, we are constrained to hold that the issues raised in that case were identical with the issues raised in the suit before us. In that case the trial judge in the Circuit Court assigned the case to a master in chancery for a determination of all issues raised by the pleadings. The order making such assignment was O.K'd by the attorney for the plaintiff. At the hearing before the master the plaintiff requested and was granted time to get together its evidence to substantiate its allegations. When the hearing reconvened before the master the plaintiff refused to introduce evidence to support its complaint. At that time it became and was the duty of the plaintiff to present evidence to support its allegations. Instead it stood mute. The court could then properly under the authorities enter a decree against it dismissing its complaint for want of equity. The purpose of the rule of res judicata is to bring an end to litigation. Both our legislature and courts frown on piecemeal trial of actions as well as piecemeal appeals. The suit in the Circuit Court was to foreclose a mechanic's lien and prayed for a declaratory judgment declaring the original contract valid. After judgment had been entered in that suit dismissing the suit for want of equity the plaintiff could not reopen or refile that suit in order to litigate the issues therein raised, either as to the validity of the contract, the carrying out of the provisions of the contract on the part of the plaintiff, or whether the plaintiff or the defendant was responsible for the breach of the contract. All those

224

matters were in issue in the case at the time the judgment was entered, and at that time the plaintiff had the duty to litigate those matters which it properly could have litigated under the pleadings and the issues joined in the case. In its decree the court found, among other things: "The plaintiff has failed to sustain the material allegations set forth in its aforesaid pleadings. . . . The plaintiff is not entitled to the relief, or any part thereof, demanded in the complaint, or its other pleadings." The Appellate Court, in its opinion sustaining the decree, said: "Plaintiff asked for and obtained an adjournment to get its proof together, but failed to offer evidence to prove its case. We can only conclude, as did the master, that Fisher was unable to prove its claim against defendants, and was '. . . to the extent material here . . . bound by the acts of its attorneys . . .'" The judgment entered in that case is binding on all the parties, and that judgment can be raised to bar proceedings in any other court, even though the theory upon which the plaintiff is proceeding in that court is different from the one advanced in the court in which the decree was entered. The decision in Geary v. Bangs, supra, does not change the general rule relating to the availability of the defense of res judicata or estoppel by judgment. It merely says that the issues which were decided must be apparent from the pleadings. In the case before us that condition was met.

The second count of plaintiff's statement of claim in the Municipal Court alleging that Ernest G. Shinner induced defendant Shinner to breach the contract and has interfered with and prevented performance of the same is, in our opinion, also barred by the decree entered in the mechanic's lien suit in the Circuit Court, and it is also barred by the statute of limitations, which was properly set up by the defendants in their motion to dismiss. In their affidavit in support of the motion the defendants state that the cause

of action accrued on January 19, 1950, when the defendants gave notice to plaintiff of the termination of the contract, and in the plaintiff's sworn complaint in the mechanic's lien foreclosure suit in the Circuit Court, attached as an exhibit, the plaintiff alleges: ". . . plaintiff was prevented from completing the performance of said contract . . . by the action of said defendant and of the defendant Ernest G. Shinner in breaching and repudiating said contract by a notice to plaintiff given on or about January 19, 1950." The instant suit was commenced October 30, 1958. The claim is barred by the five-year statute of limitations (Ill. Rev. Stat. 1957, chap. 83, par. 16).

The plaintiff urges that the statute of limitations cannot be invoked because in count two of plaintiff's statement of claim it is alleged that Ernest G. Shinner "continuously" to the present date "aided, abetted, induced, procured and caused Defendant, Shinner Realty Company," to breach the contract. We cannot follow that reasoning. It is apparent from the record that the breach of the contract occurred on January 19, 1950. Either at or before that time Ernest G. Shinner's alleged tortious conduct in inducing the breach must have taken place. It is a contradiction in terms to say that there can be a continuous procuring of a breach of a contract after the breach has actually occurred.

In the answer to defendants' motion to dismiss the present cause and in the affidavit by the plaintiff's attorney filed on January 15, 1959, it is stated that the decree entered March 28, 1957, in the heretofore referred to Circuit Court suit is null and void and that the decree of May 20, 1953, was in full force and effect. It passes our understanding how such an allegation could have been made unless it was for the purpose of confusing the court. The Appellate Court sustained the decree of March 28, 1957, and held that

226

the plaintiff had waived whatever rights it might have had under the decree of May 20, 1953, by its subsequent actions in the case. The decree of March 28, 1957, had been sustained by the Appellate Court and the Supreme Court had denied a petition for leave to appeal prior to the filing of the answer and affidavit. The decree in no sense could be seriously claimed to be null and void.

The judgment of the Municipal Court of Chicago is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.