John Douglas, Plaintiff-Appellant, v. Stanley Papierz and Stanley Papierz Builders, Inc., Defendants-Appellees.

Gen. No. 52,314.

First District, Third Division.

March 5, 1970.

Ward P. Fisher and Thomas L. Ruth, Jr., of Chicago (Ward P. Fisher, of counsel), for appellant.

Sidney S. Schiller and Paul C. Ross, of Chicago (Donald C. Schiller, of counsel), for appellees.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Plaintiff, John Douglas, appeals from the dismissal of his complaint against defendants Stanley Papierz and Stanley Papierz Builders, Inc. The trial court dismissed the complaint on the ground that there had been a prior adjudication of the issues, and that the cause was res judicata.

Plaintiff filed his complaint in the prior proceedings on April 23, 1965, against defendants and another party. In that complaint plaintiff sought to foreclose a me-

chanic's lien. The complaint alleged that the parties on October 29, 1964, had entered a contract in which plaintiff was to install certain ironwork, and that defendants had breached the contract. Plaintiff prayed for a judgment of $17,150, a mechanic's lien, an accounting and general relief. On July 16, 1965, plaintiff filed a bill of particulars alleging that the contract was one for custom ironwork on six buildings, and was orally extended to include a seventh building; that the ironwork was completed, and was of no value to anyone except defendants; that plaintiff, having completed the ironwork, delivered it for installation on the job site, and discovered that another contractor was erecting the ironwork; that he learned from defendants that another contractor had been hired to complete the unfinished ironwork; that the sum of $7,350 was received upon completion of some of the buildings, and that plaintiff had done some extra work in the amount of $7,500. On July 16, 1965, defendants filed an answer, admitting the existence of the contract but alleging that plaintiff had failed to perform according to the specifications.

After plaintiff filed a reply and additional bills of particulars, defendants filed a motion for summary judgment with supporting affidavits. The affidavits alleged that work done on three buildings had been paid for, that a Waiver of Liens was executed and that plaintiff had done no other work on any of the other buildings. Summary judgment was entered for defendants, then vacated, and plaintiff filed a counteraffidavit, alleging that the fabricating of additional ironwork could not be done at the job site, that the ironwork was unique, that plaintiff completed all the ironwork according to the contract, and that the only thing left for him to do was to install it. Defendants moved for a summary judgment, which was granted on November 17, 1965, denying plaintiff the requested relief. On December 19, 1965,

plaintiff filed a notice of appeal, but proceeded no further, and the appeal was subsequently dismissed.

On May 26, 1966, plaintiff brought this action against defendants alleging a breach of contract and praying for damages. He alleged that on October 29, 1964, he entered into a contract with defendants, whereby he was to furnish, deliver and install certain ironwork; that he completed the fabrication of the ironwork, and installed it until the defendants interfered with the installation, so that plaintiff could not complete the installation; that defendants agreed to some extra work, consisting of cutting loose some structural columns, in the amount of $7,500; that defendants owed plaintiff a balance of $14,700 which they refused to pay. On August 12, 1966, plaintiff filed a bill of particulars identical to the one filed in the prior suit.

On August 29, 1966, defendants filed a motion to dismiss, alleging that the instant cause was barred by a prior judgment and that plaintiff was estopped from reasserting the cause. Attached to the motion was an affidavit by defendants' attorney setting forth the prior cause and certain exhibits. Plaintiff filed an answer denying that he was barred from asserting the cause, and alleging that the prior adjudication dealt solely with the issue of whether plaintiff was entitled to a mechanic's lien. Thereafter the trial court dismissed plaintiff's complaint on the grounds that the issues in the second cause of action could have been adjudicated in the prior suit, that the relief prayed for was the same in both suits, that the parties and the issues were identical in both cases, and that the doctrine of res judicata should apply.

Plaintiff appeals, contending that the prior adjudication was not a bar to the second lawsuit.

In The People v. Kidd, 398 Ill 405, 75 NE2d 851 (1947), the court stated as follows:

"The doctrine of res judicata, briefly stated, is that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. (Citations omitted.) The doctrine of res judicata, in all cases where the second suit is upon the same cause of action and between the same parties or their privies as the former action, extends not only to the questions actually litigated and decided, but to all grounds of recovery or defense which might have been presented." (P 408.)

However, plaintiff argues that a prior adjudication of an equity suit to foreclose a mechanic's lien does not bar a subsequent action at law on the same contract upon which the lien claim was based.

 In Howard T. Fisher and Associates, Inc. v. Shinner Realty Co., 24 Ill App2d 216, 164 NE2d 266 (1960), this court held that a decree dismissing a mechanic's lien action was res judicata to a subsequent action for money damages. At p 224, the court stated:

"The purpose of the rule of res judicata is to bring an end to litigation. Both our legislature and courts frown on piecemeal trial of actions as well as piecemeal appeals. The suit in the Circuit Court was to foreclose a mechanic's lien and prayed for a declaratory judgment declaring the original contract valid. After judgment had been entered in that suit dismissing the suit for want of equity the plaintiff could not reopen or refile that suit in order to litigate the issues therein raised, either as to the validity of the contract, the carrying out of the provisions of the contract on the part of the plaintiff, or whether the plaintiff or the defendant was responsible for the breach of the contract. All those

246

matters were in issue in the case at the time the judgment was entered, and at that time the plaintiff had the duty to litigate those matters which it properly could have litigated under the pleadings and the issues joined in the case."

■ In Cheevers v. Stone, 10 Ill App2d 39, 134 NE 2d 32 (1956), the court held that a dismissal of a complaint in chancery to foreclose a mechanic's lien may be raised as res judicata in a subsequent action brought on the same contract in another court. The court pointed out that the dismissal of a suit based on a technical defect in the pleading would not bar another action for the same cause, but where a judgment deals with the validity of the first proceedings, such judgment would be res judicata to a subsequent action raising the same issues. The court reasoned that what had been adjudicated in the prior proceedings depended upon what issues had been presented to the trial court.

■ In the instant matter, plaintiff in his suit to foreclose the mechanic's lien alleged a valid contract and prayed for a money judgment in addition to the lien. In their answer, defendants pleaded, inter alia, that the work done by plaintiff was not performed according to specifications, and required correction at their costs. As a result, one of the issues raised by the pleadings and the affidavits was whether plaintiff had faithfully performed according to the contract, and therefore whether he was entitled to a money judgment. The trial court then allowed defendant's motion for a summary judgment and entered a decree denying the relief he had requested. It is clear that not only the mechanic's lien was at issue, but also matters involving the contract. It was the duty of the plaintiff to litigate the issues with respect to that contract in those proceedings, and his failure to do so constitutes a bar to a subsequent action involving the same contract.

247

In Wise v. Jerome, 5 Ill App2d 214, 125 NE2d 292 (1955), it was held that a court of equity had no power to enter a personal judgment where grounds for asserting a mechanic's lien were lacking. However, in Rozema v. Quinn, 51 Ill App2d 479, 201 NE2d 649 (1964), this court held that in a mechanic's lien action the court may enter a personal judgment where the lien was not established. In the Rozema case, the court pointed out that the remedies of the Mechanics' Lien Act are cumulative, and that under section 44 of the Civil Practice Act, all actions may be joined, whether legal or equitable. It also noted that in the Wise case, plaintiff had failed to amend his complaint to add a count in law.

■ Plaintiff argues that at the time of allowing summary judgment in the mechanic's lien suit, the chancellor stated that he was doing so because the remaining ironwork had not been attached to the real estate so as to meet the requirements of a mechanic's lien. While such a statement by the judge is not found in the judgment or in the record, even if true, it remained the plaintiff's responsibility to litigate all issues with respect to the contract in the same proceedings. Although plaintiff contends that both sides were concerned only with the mechanic's lien, the pleadings had also presented the issues of whether defendant had properly terminated the contract for failure of plaintiff to follow specifications and whether plaintiff was entitled to judgment for defendant's breach. In this respect, it is significant to note that identical bills of particulars were filed in each suit. It was not necessary, as plaintiff maintains, after summary judgment was entered in the chancery division of the Circuit Court, to file the subsequent suit on the contract in the law division. Jurisdictional differences between equity and law courts have been abolished, and today, Illinois Cir-

248

cuit Courts have original jurisdiction in all cases brought before them. It was the duty of the plaintiff to see that all of the issues before the court were resolved in the one lawsuit.

Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.