HOWARD FOREMAN, Plaintiff-Appellant *v.* JOSEPH MARTIN *et al.*, Defendants-Appellees.

(No. 73-358, 73-359 cons.;

Second District (1st Division)—March 31, 1975.

Richard J. Smith, of Sullivan & Smith, of Waukegan, for appellant.

Griesheimer, Thompson, & Drew, Charles L. Whyte and William G. Rosing, all of Waukegan, for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

This is a consolidated appeal from judgments which dismissed plaintiff's complaints on the ground that they were barred under the doctrine of res judicata by reason of the litigation which resulted in this court's opinion and mandate in *Foreman v. Martin* (1972), 6 Ill.App.3d 599.

In our previous opinion we held that the bank had no right to stop payment on a cashier's check issued by it and made out to a named payee. We therefore reversed an order which had enjoined the bank from paying Joseph Martin and remanded the cause with directions to the trial court to order the bank to make payment. In our opinion we stated that we did not consider other points raised in the briefs.

Upon remand Foreman filed an amended complaint in the original injunction suit. In addition, Foreman filed a new action which was also dismissed. Both complaints pled conversion of the check, prayed that the court declare that Martin had no interest in the $8,000 proceeds of the cashier's check and sought damages. The trial court dismissed both complaints, and the separate notices of appeal which have been filed by Foreman have been consolidated into this appeal.

Foreman contends that since he originally pursued the remedy of injunction, which we held to be improper, he is not precluded from renewing litigation on the same facts but seeking a remedy of damages.

The defendant Bank of Waukegan responds that this is a single cause of action which was adjudicated in previous litigation between the same parties and may not be pursued on a new theory which could have been availed of in the prior litigation. (The defendant Joseph Martin has not appeared nor has he filed a brief.)

■■ Under the doctrine of res judicata, if a prior judgment is raised as

a complete bar against a second action both as to matters actually adjudicated in the first action and as to those matters which could have been raised therein there must be, as between the actions, an identity of parties, of subject matter and of the cause of action. (*Smith v. Bishop* (1962), 26 Ill.2d 434, 436, 437; *Hinkle v. Tri-State Transit, Inc.* (1974), 21 Ill.App.3d 134, 137.) Where the parties to a new action are the same as the parties to a prior action and the same subject matter is the basis for the new action but the claim or cause of action is different, the prior decision operates as an estoppel only as to those matters in issue or points controverted and is only conclusive as to those questions actually raised and determined therein. *Smith v. Bishop*; *Hinkle v. Tri-State Transit, Inc.*

■■ A judgment is on the merits in the sense that it may be pleaded in bar of a subsequent action when it amounts to a decision as to the respective rights and disabilities of the parties based on the ultimate facts or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends, irrespective of formal, technical or dilatory objections or contentions. *Fraley v. Boyd* (1967), 83 Ill.App.2d 98, 102. See also *Orminski v. Hyland Electrical Supply Co.* (1945), 326 Ill.App. 392, 396-398.

There is not necessarily an identification of causes of action, however, if a plaintiff seeks a form of remedy which turns out to be unavailable to him. In that case the adverse judgment is not a final one on the merits, and the party is not precluded from subsequently maintaining an action in which he seeks an available remedy. See *Gudgel v. St. Louis Fire and Marine Insurance Co.* (1971), 1 Ill.App.3d 765, 771.

Our ruling in the previous appeal that as a matter of law the bank could not withhold payment to Martin on his tender of the cashier's check is the law of the case and may not be reexamined in the subsequent litigation. (See *Hurst v. Papierz* (1973), 16 Ill.App.3d 574, 578.) Other matters dealing with the merits of the controversy between the parties, however, which were urged but not considered in the former appeal may be litigated on remand. See *Mann v. Downers Grove Sanitary District* (1935), 281 Ill.App. 412, 423-424; *Gage v. People ex rel. Hanberg* (1903), 207 Ill. 61, 63-64.

■ In the present case, the plaintiff originally sought injunctive relief in order to preclude defendant Martin from negotiating the check. It was his belief that he had a legal right to stop payment on the cashier's check and his cause of action revolved about this theory. Had it been correct, the trial court's order would have effectively prevented Martin from gaining improper possession of the $8,000. The theory, however, was not correct as we held. Accordingly, the remedy in the form of an

injunction to stop payment was unavailable to Foreman, and Martin was able to negotiate the check and take possession of the money. This judgment in defendant's favor, however, was not based on the merits of the case but on the peculiar characteristics of a cashier's check. It does not contravene those facts which establish the right of recovery; it merely negates existence of the desired remedy. Accordingly, the judgment may not be used as a bar to the plaintiff's current suit for damages since the causes of action are not the same; one sought performance of an act and the other seeks a money judgment. *Renner v. Greathouse* (1957), 12 Ill.App.2d 338, 341; *In re Estate of Heyder* (1964), 48 Ill.App.2d 119, 121. *Cf. Walsh v. Oberlin* (1971), 2 Ill.App.3d 987, and *Geist v. Lehmann* (1974), 19 Ill.App.3d 557.

For the reasons stated we therefore reverse the judgments of the trial court which dismissed plaintiff's complaints below, with directions to reinstate the complaint upon which plaintiff elects to pursue and to thereafter permit the defendants' action for damages to proceed.

Reversed and remanded with directions.

GUILD and HALLETT, JJ., concur.