LEONARD E. SJOSTROM *et al.*, d/b/a Joyce Builders, Plaintiffs-Appellants, *v.* RONALD McMURRAY *et al.*, Defendants-Appellees.

Second District   No. 76-32

Opinion filed April 21, 1977.

Rodert L. Collins, of Wheaton, for appellants.

Stephen M. Cooper, of Geneva, for appellees.

Mr. JUSTICE SIEDENFELD delivered the opinion of the court:

The plaintiffs filed a complaint for a mechanic's lien on July 3, 1975, alleging that defendants had defaulted in the amount of $4272.36 under a building contract. The defendants moved to dismiss alleging that the subject matter of the suit had been previously adjudicated by an order dismissing plaintiffs' complaint for a money judgment with prejudice on February 25, 1975, which had not been modified or appealed. The court dismissed the mechanic's lien complaint "with prejudice" by its order dated October 29, 1975. Plaintiffs appeal from the October 29 order of dismissal.

The mechanic's lien plaintiffs are styled "Leonard E. Sjostrom and Joyce Sjostrom, d/b/a Joyce Builders." They contend that the prior suit (Kane County Circuit Court No. 74LM6367) brought in the name of "JOYCE BUILDERS, a corporation, vs. RONALD McMURRAY" was a nullity for the reason that the Sjostroms individually did business under the assumed name of Joyce Builders and no such corporation existed. They further contend that a suit mistakenly brought in the name of a nonexistent corporation to recover a personal money judgment does not bar an *in rem* suit to foreclose a mechanic's lien. They also contend that under the circumstances the dismissal of 74LM6367 which was for failure to file interrogatories pursuant to Supreme Court Rule 219 (Ill. Rev. Stat. 1973, ch. 110A, par. 219) was not a trial on the merits and therefore was not *res judicata*.

A review of the files in 74LM6367 reveals that the complaint as amended, filed in the name of the purported corporation recites that plaintiff is in the business of building and related services; that on November 20, 1973, and on subsequent dates defendant contracted for certain improvements on the described property of the defendant, Ronald McMurray, in accordance with the attached exhibits; that the

reasonable value of the improvements is $9832.25; and that defendant has paid $7000, leaving a balance of $2832.25 which defendant has refused to pay on demand.

The order dismissing the first suit recited that plaintiff "did not seek Counsel or answer defendant's interrogatories, all as required by a previous order of this Court," and ordered the cause of action dismissed with prejudice under Supreme Court Rule 219.[1]

■■ Plaintiffs' initial argument that the original suit was a nullity is not persuasive. They rely principally upon the appellate court opinion in *Vukovich v. Custer*, 347 Ill. App. 547 (1952), which was reversed in 415 Ill. 290 (1953). In *Vukovich*, the named plaintiff died prior to the time the suit was filed. The appellate court concluded that the suit was therefore a nullity which could not be amended. The supreme court, however (415 Ill. 290, 293) without deciding that question, held that even if the original complaint were to be considered a nullity, the amended complaint did not fall since it could be considered an original complaint timely filed. The complaint in 74LM6367, however, was filed by a misnamed plaintiff in the sense that Joyce Builders was not a corporation but the assumed name of the plaintiffs in this action. The misnomer could have been corrected under section 21(2) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 21(2)) which expressly provides that the misnomer of a party is not grounds for dismissal and that the name of any party may be corrected at any time, before or after judgment. See also *Calvert Distillers Co. v. Vesolowski*, 14 Ill. App. 3d 634, 636 (1973).

■■ While an opposing party may require that a misnomer be corrected, he cannot force a dismissal for the misnomer. (See *Hoagland v. Brown*, 71 Ill. App. 2d 240, 243 (1966); *Ingram v. MFA Insurance Co.*, 18 Ill. App. 3d 560, 566 (1974).) It follows that a party may not take advantage of his own misnomer to avoid a dismissal which has resulted from his failure to comply with other court rules.

■■■ We also are not persuaded by plaintiffs' arguments based on their theory that a dismissal under Supreme Court Rule 219 is the same as a dismissal for failure of prosecution so as to permit a refiling of the suit within one year under section 24 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par. 24a). A dismissal for failure of prosecution is not a hearing on the merits which bars a second suit. (See *Casillas v. Rosengren*, 86 Ill. App. 2d 139, 143 (1967).) However, dismissals for failure to comply with discovery and pretrial conference orders of the court under Supreme

---

[1] As material here Supreme Court Rule 219(c)(v) provides that for unreasonable refusal to comply with any order entered under the rules relating to discovery or pretrial conferences, among other sanctions, "his suit be dismissed with or without prejudice."

Court Rule 219 are not the same as dismissals for want of prosecution. *Keilholz v. Chicago & North Western Ry. Co.*, 49 Ill. 2d 34, 37-38 (1974); *Heizman v. City of Chicago*, 23 Ill. App. 3d 835, 837-38 (1974).

■■ We also reject that portion of plaintiffs' argument which could have been addressed upon an appeal of the earlier judgment. In this regard the plaintiffs argue that Supreme Court Rule 219 is based on the federal rules of civil procedure which have been interpreted to sanction dismissal for failure to comply with discovery orders only where the failure is wilful, deliberate and flagrant (*e.g., Societe Internationale v. Rogers*, 357 U.S. 197, 2 L. Ed. 2d 1255, 78 S. Ct. 1087 (1958); *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51 (2d Cir. 1971)). *Societe Internationale* involved a direct appeal of the dismissal of a case for failure to produce documents. *Trans World* involved a default judgment which was entered for failure to appear for a deposition and is otherwise inapposite on its facts. The argument that plaintiffs were not guilty of a deliberate and flagrant failure to appear for a deposition could have been heard on direct review of the dismissal order of October 29, 1975, and cannot now be heard after plaintiffs' failure to appeal from that order.

We then reach defendants further argument that a dismissal pursuant to Supreme Court Rule 219 is not a trial on the merits and therefore does not bar a second proceeding. In *Keilholz v. Chicago & North Western Ry. Co.*, 59 Ill. 2d 34 (1974), the court held that after a dismissal for failure to appear at a pretrial conference the plaintiff had no right to file a new action free of the normal bar of the statute of limitations. The court found it unnecessary therefore to consider whether the dismissal order was an adjudication on the merits under Supreme Court Rule 273 (Ill. Rev. Stat. 1973, ch. 110A, par. 273), which provides:

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits."

In *Heinzman v. City of Chicago*, 23 Ill. App. 3d 835, 836 (1974), the appellate court reasoned that a dismissal for failure to give a discovery deposition was "involuntary," not based on lack of jurisdiction, improper venue, or failure to join an indispensable party, was not "otherwise" specified, and therefore under Supreme Court Rule 273 operated as an adjudication upon the merits.

In the case before us we do not have the identical issue involved in *Keilholz* and *Heizman*. These plaintiffs did not seek to refile the same cause of action for a money judgment which they had earlier filed and which had been dismissed. The defendants moved to dismiss the

subsequent suit and their motion directly raises the issue of *res judicata* and requires us to decide whether the earlier dismissal was an adjudication of the issues on the merits common to both actions which either had been or could have been addressed in the earlier action.

It is well established under corresponding Federal rules of procedure[2] that a dismissal for failure to answer interrogatories is an adjudication on the merits and generally bars an identical cause of action asserted in the subsequent suit. (See *Costello v. United States*, 365 U.S. 265, 5 L. Ed. 2d 551, 81 S. Ct. 534 (1961).) In *Costello*, the United States Supreme Court stated:

> "All of the dismissal enumerated in Rule 41(d) which operate as adjudications on the merits—failure of the plaintiff to prosecute, or to comply with the Rules of Civil Procedure, or to comply with an order of the Court, or to present evidence showing a right to the relief on the facts and the law—primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them. It is therefore logical that a dismissal on one of these grounds should, unless the Court otherwise specifies, bar a subsequent action." (365 U.S. 265, 286, 5 L. Ed. 2d 551, 565, 81 S. Ct. 534, 545.)

See also *Papilsky v. Berndt*, 466 F.2d 251, 255 (2d Cir. 1972), *cert. denied*, 409 U.S. 1077, 34 L. Ed. 2d 665, 93 S. Ct. 689.

■■ *Madden v. Perry*, 264 F.2d 169 (7th Cir. 1959) cited by plaintiffs is not to the contrary. In *Madden*, the district judge's order of dismissal pursuant to Federal Rule 41(b) recited a jurisdictional requirement expressly excepted from Rule 41(b). (264 F.2d 169, 174). The result under section 219 (c)(v), and 273 of the Illinois Supreme Court Rules should be the same. Within Supreme Court Rule 273 it was an involuntary dismissal, was not for lack of jurisdiction, improper venue or for failure to join an indispensable party. And it was not specified to be other than an adjudication on the merits. (See *Heizman v. City of Chicago*, 23 Ill. App. 3d 835, 836.) We conclude that the dismissal of 74LM6367 for plaintiffs' failure to answer interrogatories was thus an adjudication on the merits, which under proper circumstances would bar an identical cause of action asserted in a subsequent suit.

■■ The remaining consideration is whether the doctrine of *res judicata* applies under the particular circumstances before us.

---

[2] Supreme Court Rule 219(c)(v) (sanctions for refusal to comply with discovery and other pre-trial orders) corresponds to Federal Rule 37(b)(2)(C). (See Ill. Ann. Stat., ch. 110A, par. 219, *Committee Comments*, at 84 (Smith-Hurd 1977 Supp.).) Supreme Court Rule 273 (effect of involuntary dismissal) corresponds to Federal Rule 41(b). Ill. Ann. Stat., ch. 110A, par. 273, *Committee Comments*, at 281 (Smith-Hurd 1968).

The doctrine is stated in *People v. Kidd*, 398 Ill. 405 (1947), at pages 408-09:

> "The doctrine of *res judicata*, briefly stated, is that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. (*Harding Co. v. Harding*, 352 Ill. 417; 30 Am. Jur. 914, sec. 172.) The doctrine of *res judicata*, in all cases where the second suit is upon the same cause of action and between the same parites or their privies as the former action, extends not only to the questions actually litigated and decided, but to all grounds of recovery or defense which might have been presented. (*Normal State Bank v. Killian*, 386 Ill. 449; *Barry v. Commonwealth Edison Co.*, 374 Ill. 473; *Harding Co. v. Harding*, 352 Ill. 417.) When a former adjudication is relied upon as an absolute bar to a subsequent action, the only questions to be determined are whether the cause of action is the same in both proceedings, whether the two actions are between the same parties or their privies, whether the former adjudication was a final judgment or decree upon the merits, and whether it was within the jurisdiction of the court rendering it."

See also *Bernhardt v. Fritzshall*, 9 Ill. App. 3d 1041, 1047 (1973):

■■ The adjudication of a suit to foreclose a mechanic's lien involves essentially the same cause of action as that upon which the lien claim is based. (*Douglas v. Papierz*, 121 Ill. App. 2d 242, 245-47 (1970). See also *Howard T. Fisher & Associates, Inc. v. Shinner Realty Co.*, 24 Ill. App. 2d 216, 223 (1960).) The fact that the second suit sought an increased recovery and the establishment and foreclosure of a mechanic's lien does not alter the fact that there is a single cause of action based upon the alleged breach of the building contract. (*Consol Builders & Supply Co. v. Ebens*, 24 Ill. App. 3d 988, 991 (1975).) The rationale is that the action on the contract and the mechanic's lien suit are concerned with the same matters of contract and all matters of recovery or defense arising from the contract should be litigated in one proceeding or otherwise be barred. (*Consol Builders & Supply Co. v. Ebens*, 24 Ill. App. 3d 988, 991-92 (1975); *Douglas v. Papierz*, 121 Ill. App. 2d 242, 247 (1970).) The distinction between actions *in rem* and those *in personam* urged by plaintiffs has lost its effect in view of the original jurisdiction of all matters of law and equity now residing in our circuit courts. *Douglas v. Papierz*, 121 Ill. App. 2d 242, 248-49 (1970).

■■ It is apparent from the allegations in both the amended complaint in 74LM6367 and the complaint for mechanic's lien before us that the same dispute over the building contract between the same real parties in

interest was involved in both suits. The prayer in the mechanic's lien foreclosure suit for the lien, together with the request that the lien be foreclosed and the property sold to satisfy the amount purported to be due under the building contract, could have been included in the prior suit. The same matters, therefore, were either before the court in the earlier action or could have been brought before the court as that time. We therefore conclude that the principles of *res judicata* bar the subsequent action. The judgment of the trial court is affirmed.

Affirmed.

GUILD and BOYLE, JJ., concur.