THORLEIF LARSEN AND SON, INC., Plaintiff-Appellant, v. PPG IN-
DUSTRIES, INC., Defendant-Appellee.

Second District No. 2—88—0147

Opinion filed December 16, 1988.

Paul T. Lively, of Querrey & Harrow, Ltd., of Chicago, and O'Halloran, Lively & Walker, of Northbrook, for appellant.

Peter D. Sullivan, Nancy G. Lischer, and D. Kendall Griffith, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Thorleif Larsen & Son, Inc. (Larsen), appeals from a summary judgment entered in favor of defendant, PPG Industries, Inc., in which the trial court determined that plaintiff's action was barred by principles of *res judicata.*

On March 25, 1987, plaintiff filed an action at law against defendant in the circuit court of Du Page County seeking recovery of $649,046.97 for breach of a construction contract. On the same day, in the circuit court of Cook County, plaintiff filed suit against defendant to foreclose on a mechanic's lien on the property involved in the construction project, claiming damages in the amount of $517,407.27. Plaintiff sought a greater amount in the contract action presumably

because certain damages recoverable under a contract theory are not necessarily recoverable under a mechanic's lien theory. Defendant successfully moved for dismissal of the Cook County suit on the basis that a subcontract provision prohibited any liens on the project property. In support of its motion, defendant urged the trial court in Cook County to take judicial notice that plaintiff had a legal remedy available to it in the Du Page County circuit court.

Defendant thereafter also moved for summary judgment in the Du Page County contract action on the grounds that it was now barred by the doctrine of *res judicata*. The trial court granted summary judgment, and plaintiff appeals. We reverse.

The pleadings in this case establish that on or about July 17, 1985, Larsen and PPG entered into a written subcontract under which Larsen was to install exterior building granite for a project located at 123 North Wacker Drive in Chicago, Illinois, for a base contract sum of $1,006,000. Plaintiff was to furnish, unload, hoist, distribute, and install the granite. Plaintiff alleged in its contract action in Du Page County that defendant was to install a granite backup or holding system in order for plaintiff to install the granite, but that defendant changed the design of the holding system and failed to provide certain equipment, causing Larsen's installation work to be more expensive and time-consuming because of the additional work entailed by the changes. Plaintiff alleged that it performed all of the original and extra work, but that defendant did not pay plaintiff in full and owed a balance of $649,046.97. Defendant answered plaintiff's complaint and raised certain affirmative defenses, including, *inter alia*, plaintiff's alleged failure to perform the work according to the schedule set forth in the subcontract and failure to obtain written authorization for the extra work performed. A trial date was set, and defendant initiated pretrial discovery on July 29, 1987.

Plaintiff also filed a "Complaint to Foreclose Mechanic's Lien and for Other Relief" in the circuit court of Cook County on the same date that this contract action was filed in Du Page County. In a one-count complaint, plaintiff sought to foreclose on the lien, alleging that defendant had failed to pay the plaintiff the balance due under the same subcontract as in the Du Page County action; prayed that an accounting be taken to determine the amount due to plaintiff; that the lien be declared valid; that in default of payment, the premises be sold to satisfy the amount owing; and that if the property is sold and the proceeds are insufficient to pay the amount due in full, a deficiency judgment be entered. The prayer for relief concluded with a request for such other relief as the court shall deem equitable and proper.

In lieu of answering the complaint filed in the Cook County suit, defendant moved to dismiss it under section 2—615 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). In its motion to dismiss, defendant argued that plaintiff could not maintain the suit to foreclose on the mechanic's lien due to a contractual provision in the Larsen-PPG subcontract requiring that the project be kept free of all liens. Defendant also asked the circuit court of Cook County to take judicial notice that plaintiff would not be without a remedy because plaintiff had filed an action for contract damages in the circuit court of Du Page County. The circuit court of Cook County dismissed the suit as to all parties on August 6, 1987, and plaintiff did not appeal that order.

On September 14, 1987, defendant filed a motion for summary judgment in the Du Page County action arguing that it was now barred by *res judicata*. In granting defendant's motion, the court applied the doctrine of *res judicata*, finding that plaintiff should have asserted all of its claims in the prior action in Cook County. This appeal followed.

Plaintiff contends that the doctrine of *res judicata* should not be applied to bar it from relief because: (1) the causes of action for foreclosure of a mechanic's lien and breach of contract are not the same for purposes of *res judicata*; (2) the dismissal of the Cook County suit was not a decision on the merits where plaintiff sought the wrong remedy; and (3) the principle of equitable estoppel should be applied to preclude defendant from taking inconsistent positions which would unfairly deny plaintiff any remedy whatsoever.

■ We consider first whether the action to foreclose a mechanic's lien is the same cause as an action for breach of contract for purposes of applying the doctrine of *res judicata*. That doctrine provides that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. The doctrine precludes a party from raising in a subsequent action not only every matter which was offered to sustain or defeat the claim or demand made in the prior action, but also any other matter which might have been offered for that purpose. *Barth v. Reagan* (1986), 146 Ill. App. 3d 1058, 1063, 497 N.E.2d 519, 523.

■ The test for determining when two causes of action are the same is whether they are based on the same facts or whether the same evidence would be necessary to sustain both actions. (*Barth*, 146 Ill. App. 3d at 1064, 497 N.E.2d at 523.) In *Morris v. Union Oil Co.*

(1981), 96 Ill. App. 3d 148, 157, 421 N.E.2d 278, 285, the court stated:

"[A] cause of action consists of a single core of operative facts which give the plaintiff a right to seek redress for the wrong concerned. Even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action. If the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the allegedly different causes of action asserted and *res judicata* bars the latter action."

■ Plaintiff relies principally on *DeBowe v. Gitchel* (1955), 5 Ill. App. 2d 240, 125 N.E.2d 308 (abstract of opinion), for the proposition that a mechanic's lien suit is a cause of action different from an action at law for contract damages and thus does not bar the subsequent action for damages. (See also *Hackler v. Cardinal Newman College* (1979), 71 Ill. App. 3d 665, 667, 389 N.E.2d 960, 962 (suit for damages for breach of contract is not for the same cause as a suit to enforce a mechanic's lien).) While there may have been some authority for this proposition at one time, the distinction between these two causes of action has now lost its effect as original jurisdiction of all matters of law and equity now resides in the circuit court. *Sjostrom v. McMurray* (1977), 47 Ill. App. 3d 1040, 1046, 362 N.E.2d 744, 748.

In *Sjostrom*, this court held that the adjudication of an action to foreclose a mechanic's lien involves essentially the same cause of action as that upon which the lien claim is based and therefore bars a subsequent action by application of the doctrine of *res judicata*. (*Sjostrom*, 47 Ill. App. 3d at 1046, 362 N.E.2d at 748, relying on *Douglas v. Papierz* (1970), 121 Ill. App. 2d 242, 245-47, 257 N.E.2d 570, 572-73; *Howard T. Fisher & Associates, Inc. v. Shinner Realty Co.* (1960), 24 Ill. App. 2d 216, 223, 164 N.E.2d 266, 271.) In *Sjostrom*, the fact that the second suit sought an increased recovery over and above the establishment and foreclosure of a mechanic's lien did not alter the fact that there was a single cause of action based upon the alleged breach of contract. The rationale for the holding that there is but a single cause of action is that the action on the contract and the mechanic's lien suit are concerned with the same matters of contract; all matters of recovery or defense arising from the contract should be litigated in one proceeding or otherwise be barred. *Sjostrom*, 47 Ill. App. 3d at 1046, 362 N.E.2d at 748, citing *Consol Builders & Supply Co. v. Ebens* (1975), 24 Ill. App. 3d 988, 991-92, 322 N.E.2d 248, 250.

■ It is now clear that, for *res judicata* purposes, a suit to fore-

close on a mechanic's lien is, essentially, the same cause as the action on the underlying contract. To the extent that our opinion in *DeBowe v. Gitchel* is contrary to this holding, it is overruled. Similarly, in applying the doctrine of *res judicata*, we decline to follow the reasoning of *Hackler v. Cardinal Newman College*, wherein it was stated that a suit for damages for a breach of contract is not for the same cause as an action to enforce a mechanic's lien.

■ Plaintiff contends that the dismissal of the Cook County suit did not operate as a final adjudication on the merits because the remedy to enforce a mechanic's lien was unavailable to plaintiff in that action. Plaintiff relies on *Foreman v. Martin* (1975), 26 Ill. App. 3d 1028, 1030, 325 N.E.2d 378, 379-80, among other cases, for the principle that *res judicata* is not applied where a plaintiff seeks a form of remedy which turns out to be unavailable to him. In *Foreman*, we stated:

> "There is not necessarily an identification of causes of action, however, if a plaintiff seeks a form of remedy which turns out to be unavailable to him. In that case the adverse judgment is not a final one on the merits, and the party is not precluded from subsequently maintaining an action in which he seeks an available remedy." 26 Ill. App. 3d at 1030, 325 N.E.2d at 379-80.

This court determined in *Foreman* that the causes of action were not the same where the original action based on a complaint for injunctive relief seeking to stop payment on a cashier's check was unavailable to plaintiff as a matter of law, and the subsequent action sought a money judgment based on a conversion of the check. Here, by contrast, we have determined that the causes of action are the same. Plaintiff was aware, or should have been aware, that it had a duty to litigate all matters pertaining to the underlying contract which it could have properly litigated in the Cook County proceedings. (See *Papierz*, 121 Ill. App. 2d at 247, 257 N.E.2d at 572-73.) Plaintiff obviously was aware that it had a contract remedy as it filed a concurrent action in Du Page County. We do not agree with plaintiff that the doctrine of *res judicata* is inapplicable merely because of a misconception of the remedy available where plaintiff filed concurrent lawsuits in different counties, one of which sought the proper remedy, and where plaintiff failed to amend the mechanic's lien suit or otherwise resist the earlier judgment in that suit. (See, *e.g.*, *Rotogravure Service, Inc. v. R.W. Borrowdale Co.* (1979), 77 Ill. App. 3d 518, 525, 395 N.E.2d 1143, 1149.) Plaintiff's difficulties arise from the tactical decision to split the lawsuit into separate actions to be brought in separate venues. Thus, if plaintiff is to have a remedy at all, it stems

from another exception to the doctrine of *res judicata* or, more precisely, from an exception to the rule against splitting a cause of action.

■ Illinois, like most States, as a matter of public policy generally does not permit splitting a cause of action. (*Radosta v. Chrysler Corp.* (1982), 110 Ill. App. 3d 1066, 1068, 443 N.E.2d 670, 672.) The rule is closely related to the doctrine of *res judicata*. (*Torres v. Rebarchak* (7th Cir. 1987), 814 F.2d 1219, 1224.) The policies underlying the doctrine of *res judicata* are protection of the defendant from harassment and of the public from multiple litigation; the rule against splitting a cause of action has been relaxed where there was an omission due to ignorance, mistake, or fraud, or where it would be inequitable to apply the rule. *Adams v. Pearson* (1952), 411 Ill. 431, 440-42, 104 N.E.2d 267, 272-73.

■ Based on the particular facts of this case, including the conduct of the defendant, we find that it would be inequitable to apply the rule strictly here. Section 26 of the Restatement (Second) of Judgments states that the rule against claim splitting does not apply where the parties have agreed in terms or, in effect, that the plaintiff may split his claim, or that the defendant has acquiesced therein. (Restatement (Second) of Judgments §26 (1982); see also Restatement of Judgments §62(c) (1942).) Comment *a* to section 26 of the Restatement (Second) of Judgments states:

> "Where the plaintiff is simultaneously maintaining separate actions based upon parts of the same claim, and in neither action does the defendant make the objection that another action is pending based on the same claim, judgment in one of the actions does not preclude the plaintiff from proceeding and obtaining judgment in the other action. The failure of the defendant to object to the splitting of the plaintiff's claim is effective as an acquiescence in the splitting of the claim." Restatement (Second) of Judgments §26, comment *a*, at 235 (1982).

See *Torres*, 814 F.2d at 1225-26 (and cases cited therein). But *cf. Ebens*, 24 Ill. App. 3d at 992, 322 N.E.2d at 251.

■ In its motion to dismiss the foreclosure action in Cook County, defendant represented to the trial court that plaintiff was not without a remedy as it had filed a separate action in the circuit court of Du Page County which was set for trial. In the Du Page County action, defendant answered the complaint, raised affirmative defenses, and initiated pretrial discovery. The record discloses no objection on defendant's part to the splitting of the claim. We conclude

that defendant acquiesced in defending the action in Du Page County and, therefore, should not be allowed to invoke the doctrine of *res judicata* in view of the manifestly unjust result which denies plaintiff any remedy whatsoever. (See *Benton v. Smith* (1987), 157 Ill. App. 3d 847, 856, 510 N.E.2d 952, 958.) We are persuaded that, in this case, a contrary conclusion would not serve the policies underlying the doctrine of *res judicata*—protection of the defendant from harassment and the promotion of judicial economy. *Torres*, 814 F.2d at 1226; *Adams*, 411 Ill. at 442-43, 104 N.E.2d at 273.

In view of our determination that the doctrine of *res judicata* does not bar the cause of action in contract for damages in the circuit court of Du Page County, we need not address plaintiff's third argument that the principle of equitable estoppel applies to this case.

Accordingly, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

INGLIS and UNVERZAGT, JJ., concur.