LORICE HARRIS *et al.*, Plaintiffs-Appellants, v. CHARTONE, f/k/a Quardramed, f/k/a HCC Health Information Management Services, *et al.*, Defendants-Appellees.

Fifth District   No. 5—03—0796

Opinion filed December 6, 2005.

Martin L. Perron, of Perron Law Firm, of St. Louis, Missouri, and Michael B. Marker, of Rex Carr Law Firm, L.L.C., of East St. Louis, for appellants.

Louis F. Bonacorsi and Lee Marshall, both of Bryan Cave, L.L.P., of St. Louis, Missouri, for appellee ChartOne.

Alan R. Borlack and David E. Muschler, both of Bailey, Borlack & Nadelhoffer, L.L.C., of Chicago, and Larry E. Hepler and Beth A. Bauer, both of Burroughs, Hepler, Broom, McDonald, Hebrank & True, of Edwardsville, for appellee Smart Corporation.

PRESIDING JUSTICE SPOMER delivered the opinion of the court:

The plaintiffs appeal from the order of the circuit court of Madison County dismissing their class action complaint with prejudice pursuant to section 2—615 of the Illinois Code of Civil Procedure (735 ILCS 5/2—615 (West 2002)). On August 19, 2002, the plaintiffs filed a class action complaint against the defendants. The complaint alleged that the defendants were engaged in the business of record retrieval and copying on behalf of hospitals and other health care providers. The complaint also contained allegations that the defendants charged the plaintiffs excessive fees for copying medical records and/or charged fees for services that were not delivered. The allegations of the complaint stated that all the plaintiffs had received invoices from the defendants which contained a breakdown of the charges. The ChartOne invoices contained a charge for a "clerical fee," a charge per page, and a charge for a shipping fee. The Smart Corp. invoices contained a

charge for a "basic fee," a charge for a "retrieval fee," a charge per page, a shipping and handling charge, and a sales tax charge. The complaint further alleged that all the allegedly excessive charges had been paid by either the plaintiffs or their respective attorneys. One of the plaintiffs, Lorice Harris, alleged that she had gone to the hospital to inspect her deceased husband's medical records and "was not offered an opportunity to see the records and/or she was not allowed to see the records." None of the other plaintiffs alleged any attempt to inspect or copy the records from the providers themselves. The complaint purported to state various causes of action, including breach of contract, breach of prior, year-2000 versions of sections 8—2001 and 8—2003 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/8—2001, 8—2003 (West 2000)), and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2000)), the Illinois Antitrust Act (740 ILCS 10/1 *et seq.* (West 2000)), and various other states' statutes governing access to medical records.

The defendants filed responsive pleadings containing various motions to dismiss pursuant to sections 2—615 and 2—619 of the Code (735 ILCS 5/2—615, 2—619 (West 2002)). The motions raised, *inter alia*, the voluntary-payment doctrine as an affirmative defense to all the counts of the complaint. The defendants argued that because the plaintiffs' complaint alleged that they had received and paid the invoices detailing the charges for copies, there was no question of fact on the face of the pleadings regarding the applicability of the voluntary-payment doctrine and that the complaint should be dismissed. After considerable briefing and lengthy oral argument on the issue, the circuit court entered its order. The order detailed the circuit court's rulings on various other issues raised by the parties, which are not at issue on appeal, and dismissed all the counts of the complaint, based on the voluntary-payment doctrine. In a prior ruling, the circuit court had dismissed all the counts of the complaint directed to hospital records because the circuit court had found that, in contrast to the 2000 version of section 8—2003 (735 ILCS 5/8—2003 (West 2000)), the 2000 version of section 8—2001 (735 ILCS 5/8—2001 (West 2000)) did not require that charges for copies of hospital records be reasonable.

The plaintiffs appeal, contending that the circuit court erred (1) in dismissing the complaint on the pleadings pursuant to the voluntary-payment doctrine, (2) in dismissing the plaintiffs' claims relating to copying charges for hospital records on the grounds that the 2000 version of section 8—2001 (735 ILCS 5/8—2001 (West 2000)) did not require that charges for copies of hospital records be reasonable, and

(3) in denying the plaintiffs leave to amend their complaint to allege a common law basis for requiring hospitals to assess only reasonable charges for copying patient records. Because, for the reasons set forth below, we affirm the judgment of the circuit court granting the motion to dismiss based on the voluntary-payment doctrine, we need not reach the remaining issues on appeal.

When the legal sufficiency of a complaint is challenged by a section 2—615 motion to dismiss, all well-pleaded facts in the complaint are taken as true and a reviewing court must determine whether the allegations of the complaint, construed in a light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 11-12 (2005). A motion to dismiss under section 2—619 admits the legal sufficiency of the plaintiff's complaint but asserts affirmative matter that defeats the claim. *King*, 215 Ill. 2d at 12. Review under either section is *de novo. King*, 215 Ill. 2d at 12.

■ The defendants argue that the voluntary-payment doctrine applies to the plaintiffs' claims because the plaintiffs alleged in their complaint that they received invoices detailing the charges and paid them in full without protest. It has been a universally recognized rule that absent fraud, duress, or mistake of fact, money voluntarily paid on a claim of right to the payment cannot be recovered on the ground that the claim was illegal. *King*, 215 Ill. 2d at 27-28. The voluntary-payment doctrine applies to any cause of action which seeks to recover a payment on a claim of right, whether that claim is premised on a contractual relationship or a statutory obligation, as in the case at bar. *Smith v. Prime Cable of Chicago*, 276 Ill. App. 3d 843, 855 n.7 (1995). In *Smith*, the court explained the reasoning for this rule as follows:

" 'The reason [for] the rule *** and its propriety[ ] are quite obvious when applied to a case of payment on a mere demand of money unaccompanied with any power or authority to enforce such demand, except by a suit at law. In such case, if the party would resist an unjust demand, he must do so at the threshold. The parties treat with each other on equal terms, and if litigation is intended by the one of whom the money is demanded, it should precede payment. When the person making the payment can only be reached by a proceeding at law, he is bound to make his defense in the first instance, and he cannot postpone the litigation by paying the demand in silence or under a reservation of the right to litigate the claim[ ] and afterward sue to recover the amount paid.' " *Smith*, 276 Ill. App. 3d at 848, quoting 66 Am. Jur. 2d *Restitution & Implied Contracts* § 94, at 1035-36 (1973).

■ There is no question from the pleadings that the plaintiffs al-

lege they paid the invoices without protest. However, the plaintiffs argue that all three exceptions to the voluntary-payment doctrine are pleaded in the complaint and raise questions of fact sufficient to defeat a motion to dismiss on the pleadings. First, the plaintiffs argue that it is clear from the allegations of the complaint that they paid the money under a mistake of fact because they allege the invoices included multiple charges for the same service and/or charges for services which had not been provided at all and the plaintiffs did not realize they were being overcharged. The plaintiffs also use these allegations to argue that they sufficiently pleaded fraud as an exception to the voluntary-payment doctrine.

We find the plaintiffs' arguments unpersuasive. The plaintiffs' argument is analogous to that of the plaintiff in *Goldstein Oil Co. v. County of Cook*, 156 Ill. App. 3d 180 (1987). In that case, the plaintiff argued that it had properly pleaded the absence of knowledge with which to formulate a protest to the voluntary payment of a tax. *Goldstein Oil Co.*, 156 Ill. App. 3d at 185. The court found that the facts were not obscured or inaccessible but, rather, that the plaintiff's lack of knowledge could be attributed to its lack of investigation into the defendant's claim of liability and the basis upon which the defendant was seeking the tax. *Goldstein Oil Co.*, 156 Ill. App. 3d at 185. The court reasoned that the plaintiff did not allege that it had attempted to ascertain the basis of the tax but was unable to do so, and the record did not show that the plaintiff had made any effort to obtain the relevant information needed to form a protest. *Goldstein Oil Co.*, 156 Ill. App. 3d at 186. The court concluded that it is no exception to the voluntary-payment doctrine when the plaintiff makes no effort to ascertain the factual basis of the tax but pays it anyway. *Goldstein Oil Co.*, 156 Ill. App. 3d at 186.

As in *Goldstein Oil Co.*, the plaintiffs did not allege that they made any effort to discover the exact nature of the fees charged. The invoices described what the defendants purported to charge for and the amount of all the charges. The ChartOne invoices contained a charge for a "clerical fee," a charge per page, and a charge for a shipping fee. The Smart Corp. invoices contained a charge for a "basic fee," a charge for a "retrieval fee," a charge per page, a shipping and handling charge, and a sales tax charge. We conclude that the plaintiffs had enough information to determine whether there was a basis to protest or at least to investigate the exact factual basis for the charges. The plaintiffs or their attorneys paid the invoices voluntarily, knowing the purported basis for the charges. Furthermore, there is no allegation in the plaintiffs' complaint setting forth any facts that were not known to them at the time of payment and that they later discovered.

Therefore, the plaintiffs cannot establish a mistake of fact or fraud under the allegations of their complaint.

The plaintiffs next argue that the allegations of the complaint were sufficient to establish a factual basis for the duress exception to the voluntary-payment doctrine. In order to defeat the voluntary-payment doctrine as a defense on the basis of duress, it is necessary to show not only that the claim asserted was unlawful but also that the payment was not voluntary because there was some necessity that amounted to compulsion and the payment was made under the influence of that compulsion. *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 28 (2005). The issue of duress and compulsory payment generally is one of fact to be judged in light of all the circumstances surrounding a transaction. *Smith v. Prime Cable of Chicago*, 276 Ill. App. 3d 843, 850 (1995). However, where the facts are not in dispute and only one valid inference concerning the existence of duress can be drawn from the facts, the issue can be decided as a matter of law, including on a motion to dismiss. *Smith*, 276 Ill. App. 3d at 850.

The circuit court ruled that there was no compulsion for the plaintiffs to pay the invoices because pursuant to sections 8—2001 and 8—2003 of the Code (735 ILCS 5/8—2001, 8—2003 (West 2000)), the plaintiffs had a reasonable alternative to employing the defendants to furnish copies of their medical records. Both statutes confer a duty on medical providers to permit the patient or the patient's physician or authorized attorney to examine the records and permit copies of those records to be made by the patient or the patient's physician or authorized attorney. 735 ILCS 5/8—2001, 8—2003 (West 2000). Both statutes also provide for a remedy to enforce their provisions. Both statutes provide as follows: "Failure to comply with the time limit requirement of this Section shall subject the denying party to expenses and reasonable attorneys' fees incurred in connection with any court[-] ordered enforcement of the provisions of this Section." 735 ILCS 5/8—2001, 8—2003 (West 2000).

We find the circuit court's reasoning persuasive. There are no allegations in the plaintiffs' complaint setting forth any effort to obtain the medical records pursuant to the statutes. Although plaintiff Lorice Harris alleged that she had gone to the hospital to inspect her deceased husband's medical records and "was not offered an opportunity to see the records and/or she was not allowed to see the records," section 8—2001 of the Code (735 ILCS 5/8—2001 (West 2000)) required that a request be in writing and gave the hospital 60 days in which to comply with the request. Lorice Harris did not allege that she made a request in writing or that she waited for the 60-day period to elapse. Furthermore, she does not allege that she availed herself of the

enforcement provision of the statute. Therefore, there was a reasonable alternative to engaging the defendants to copy the records, and the plaintiffs' allegations do not show that the plaintiffs were compelled to accept the records from the defendants and pay the defendants' invoices. Accordingly, we cannot find that the duress exception to the voluntary-payment doctrine was sufficiently alleged in the plaintiffs' complaint.

For the reasons set forth above, the order of the circuit court dismissing the plaintiffs' complaint is affirmed.

Affirmed.

HOPKINS and McGLYNN, JJ., concur.