Rule 23 order filed
September 13, 2006;
Motion to publish granted
October 19, 2006.

NO. 5-05-0519

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

ERIN MOODY, Individually and as the ) Appeal from the
Representative of a Class of Similarly ) Circuit Court of
Situated Persons, ) Madison County.
                                                )
    Plaintiff-Appellant, )
                                                )
v. ) No. 02-L-601
                                                )
FEDERAL EXPRESS CORPORATION,) Honorable
                                                ) Nicholas G. Byron,
    Defendant-Appellee. ) Judge, presiding,
_____

JUSTICE McGLYNN delivered the opinion of the court:

The plaintiff, Erin Moody (Moody), individually and on behalf of all those similarly situated, appeals the decision of the circuit court granting a summary judgment in favor of the defendant, Federal Express Corp. (FedEx). On appeal, Moody argues the circuit court erred in finding her claim preempted by the Airline Deregulation Act of 1978 (Airline Deregulation Act) (49 U.S.C. §41713(b)(1) (2000)). We affirm.

FACTS

Moody filed a one-count breach-of-contract class action complaint against FedEx, a courier service that provides package transportation and delivery services. In her complaint, Moody alleged that FedEx breached its shipping contract by charging customers higher rates for express delivery and failing to deliver the packages by the agreed delivery time. Moody sought compensation for the difference in value between the services customers requested and the services they received.

On January 22, 2002, Moody completed a "Fed Ex USA Airbill" and chose to send a

1

package "FedEx Priority Overnight, Next Business Morning." The airbill incorporated by reference FedEx's service guide and the terms and conditions contained therein. Thus, in exchange for $41.31, FedEx agreed to deliver Moody's package by 8 a.m. the next morning. Moody alleges that the package did not arrive at its destination until 9 a.m. two days after it was sent. Moody seeks damages in the amount of money she paid for the priority shipment less the amount she could have paid for the service she actually received. She also seeks the certification of a national class of litigants who experienced a similar plight in their dealings with FedEx. She offers herself as the representative of that class.

The contract between Moody and FedEx lists two remedies for a delayed shipment: (1) actual damages to the shipment as a result of the delay, measured by the least among (a) the shipment's repair cost, (b) its replacement cost, (c) its depreciated value, or (d) a preset value declared by Moody at the time she shipped or (2) a full refund of her shipping charges under the FedEx money-back guarantee. To seek damages under alternative (1), the customer was required to give notice to FedEx within 15 days after the delivery of the shipment. To seek a refund for a delayed shipment, a request was required to be made within 30 days. Moody does not allege any damages to the package, nor did she seek a refund of her money; instead, she seeks a partial refund of her shipping charges for the delayed shipment.

FedEx moved for a judgment on the pleadings pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2002)) on April 29, 2005. In its motion, FedEx argued, *inter alia*, that Moody's breach-of-contract claim was preempted by the Airline Deregulation Act. FedEx argued that Moody's breach-of-contract claim violated the Airline Deregulation Act because it sought a remedy outside the four corners of the contract. In response, Moody argued that her breach-of-contract claim was not preempted by the Airline Deregulation Act because the price-difference remedy she sought was a common law

2

remedy permitted by her contract with FedEx and that she could seek this remedy because FedEx's contractual remedies for delayed shipment were not exclusive. FedEx replied that Moody's sought-after remedy was not even allowed at common law and that a reasonable construction established that the contractual remedies were exclusive.

The trial court heard FedEx's motion for a judgment on the pleadings on August 12, 2005. The trial court agreed with FedEx and held that Moody's breach-of-contract claim was preempted by the Airline Deregulation Act because it was not based on the actual terms of Moody's contract. The court did not grant FedEx's motion pursuant to section 2-615(e) of the Code (735 ILCS 5/2-615(e) (West 2002)). Instead, it dismissed Moody's action pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2002)). No class of litigants was certified. We affirm the lower court on the basis that the contract between Moody and FedEx lists exclusive remedies different from the remedy sought by Moody.

ANALYSIS

The trial court dismissed the plaintiff's claim pursuant to section 2-619 of the Code, finding the claim preempted by the Airline Deregulation Act. Section 2-619(a)(9) permits the dismissal of a claim when "the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2002); *Glisson v. City of Marion*, 188 Ill. 2d 211, 220 (1999). "The phrase 'affirmative matter' refers to something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." *Glisson*, 188 Ill. 2d at 220. The standard of review for an order granting a motion to dismiss pursuant to section 2-619(a)(9) is *de novo*. *Glisson*, 188 Ill. 2d at 220. We may, however, affirm the lower court on any basis in the record, regardless of whether the trial court considered that basis or whether its decision is actually supported by the bases it did consider. *Bell v. Louisville & Nashville R.R. Co.*, 106 Ill. 2d 135, 148 (1985).

3

We need not reach the issue of preemption even if Moody's calculation of damages is consistent with Illinois common law for the breach of a shipping contract. A reasonable construction of the contract at issue establishes that the listed remedies were intended to be exclusive, and we may therefore limit our analysis to the parties' bargain. In *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 222, 130 L. Ed. 2d 715, 721, 115 S. Ct. 817, 820 (1995), the United States Supreme Court held that the Airline Deregulation Act's preemption prescription bars state-imposed regulation of air carriers but allows room for the court enforcement of contract terms set by the parties themselves.

Illinois courts presume that a contract sets forth the entire agreement between the parties. *Veath v. Specialty Grains, Inc.*, 190 Ill. App. 3d 787, 797 (1989). The parties' rights under a contract are limited by the terms expressed therein (*O'Shield v. Lakeside Bank*, 335 Ill. App. 3d 834, 839 (2002)), and a contract must be read in its entirety and effect given to each of its provisions (*Kimball Hill Management Co. v. Roper*, 314 Ill. App. 3d 975, 980 (2000)). Illinois courts have recognized and enforced exclusive remedy provisions, even when the contract omits the word "exclusive," when the contract as a whole warrants that construction. *O'Shield*, 335 Ill. App. 3d at 839; *Ominitrus Merging Corp. v. Illinois Tool Works, Inc.*, 256 Ill. App. 3d 31, 34 (1993); *Veath*, 190 Ill. App. 3d at 797. An exclusive remedy clause will be enforced unless it violates public policy or something in the social relationship of the parties works against upholding the clause. *W.E. Erickson Construction, Inc. v. Chicago Title Insurance Co.*, 266 Ill. App. 3d 905, 910 (1994).

Moody's contract with FedEx consisted of the airbill for her shipment and the June 1, 2000, FedEx service guide incorporated by reference in the airbill. The front of Moody's airbill contained the following sentence:

> "By using this Airbill you agree to the service conditions on the back of this Airbill and in our current Service Guide, including terms that limit our liability."

4

The "Terms and Conditions" section of the airbill provided as follows:

"**Limitations on Our Liability and Liabilities Not Assumed**

Our liability in connection with this shipment is the lesser of your actual damages or $100 ***.

In any event, we will not be liable for any damage, whether direct, incidental, special, or consequential in excess of the declared value of a shipment, whether or not Federal Express had knowledge that such damages might be incurred including but not limited to loss of income or profits.

* * *

**Filing a Claim**

YOU MUST MAKE ALL CLAIMS IN WRITING and notify us of your claim within strict time limits set out in the current Service Guide.

* * *

**Money-Back Guarantee**

In the event of untimely delivery, Federal Express will, at your request and with some limitations, refund or credit all transportation charges.  See current Service Guide for more information."

The "Money-Back Guarantee Policy" section of the service guide provides as follows:

"A.   Service Failure–At our option, we will either refund or credit your transportation  charges upon request if we deliver your shipment 60 seconds or more after our published delivery commitment.

In order to qualify for a refund or credit due to service failure, the following limitations apply:

1.      For invoiced shipments and for shipments by shippers using customer automation, we must receive your notification (in writing or by telephone) of a service

5

failure within 30 calendar days from the original invoice date. ***

2. For shipments that we don't invoice because paid by cash, check, money order, or credit card, you must notify us, in writing or by telephone, of a service failure within 30 calendar days from the date of shipment."

The service guide also required claims for delay to be made within 15 days of delivery:

"We must receive notice of claim due to damage, delay[,] or shortage, including perishable and spoilage damage claims due to late or delayed delivery ***, within 15 days after delivery of shipment. (See Money-Back Guarantee Policy for the time period to request a refund or credit of transportation charges due to untimely delivery.)"

Finally, the FedEx service guide contained the following integration language:

"This Guide and any Addendums or supplements supersede all previous Service Guides and other prior statements concerning the rates and conditions of FedEx service to which it applies. *** All modifications, amendments[,] or supplements may only be authorized by an officer in the Legal Department of FedEx Corporation ***, but no other agent or employee of FedEx, nor any other person or party, is authorized to do so. ***

***

The following pages contain the FedEx Express Terms and Conditions applicable to the transportation of any package ***.

***

Any conflict or inconsistency between this Guide and other written or oral statements concerning the rates, features of service, and terms and conditions applicable to FedEx service will be controlled by this Guide ***."

Moody does not allege any damages to the package, nor did she seek a refund of her

money–instead she seeks a partial refund of her shipping charges for the delayed shipment, claiming this to be her common law remedy for the alleged breach of contract.

The clear intent of the parties' contract was to limit Moody's remedies to those expressly provided for therein.  If Moody were allowed to pursue her retroactive partial refund four years after the delivery, the contractual provisions expressing and relating to FedEx's limit of liability and money-back guarantee would be rendered meaningless.  The contract expressly limited FedEx's liability for a delayed shipment to the actual damages to the item shipped resulting from the delay and required that Moody file a claim for actual damages within 15 days of shipment.  The contract then provided an additional remedy for late delivery–a full refund of shipping charges under the money-back guarantee.  To recover this remedy, Moody's contract required that she provide a request for a full refund within 30 days of the shipment.  Finally, the contract included integration language providing that the service guide and airbill contain the entire agreement between Moody and FedEx.  The contract, therefore, effectively precluded Moody from seeking any other remedy except actual damages as defined in the contract and a full refund of her shipping charges under the money-back guarantee.  To allow a partial refund so long after notice-of-claim deadlines have lapsed would be to render the limitation of liability and notice requirements meaningless.  The remedy sought by Moody is therefore excluded under the contract.

In finding the remedy sought by Moody excluded under the terms of the contract, we need not address whether that remedy is the proper measure of common law damages for a delayed shipment, nor do we need to address whether her claim is preempted by the Airline Deregulation Act.

The trial court initially dismissed the plaintiff's claim without prejudice with leave to amend, presumably to amend the remedy sought to be one afforded by the contract.  The plaintiff elected to stand on her original complaint, and the court dismissed the claim with

prejudice. Because the plaintiff elected to stand on the claim seeking a remedy not afforded for a breach of the FedEx contract, we affirm the circuit court's order dismissing the claim with prejudice.

Affirmed.

SPOMER, P.J., concurs.

JUSTICE DONOVAN, specially concurring:

I concur in the majority's decision, but I believe that this court must initially address the preemption issue. I would find that the plaintiff's cause of action is not preempted based on the reasoning set forth in *Hicks v. Airborne Express, Inc.*, No. 5-04-0793 (July 25, 2006).