NOTICE

Decision filed 11/26/07. The text of
this decision may be changed or
corrected prior to the filing of a
Petition for Rehearing or the
disposition of the same.

NO. 5-06-0425

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| GARY TREADWAY, Special Representative of the Estate of Juanita Treadway, Deceased, Individually and on Behalf of Others Similarly Situated, | ) Appeal from the<br>) Circuit Court of<br>) Madison County.<br>)<br>) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) No. 05-L-27 |
| | ) |
| NATIONS CREDIT FINANCIAL SERVICES CORPORATION, d/b/a EquiCredit, | )<br>) Honorable<br>) Lola P. Maddox, |
| Defendant-Appellee. | ) Judge, presiding. |

_____

JUSTICE SPOMER delivered the opinion of the court:

The plaintiff, Gary Treadway, special representative of the estate of Juanita Treadway, deceased, individually and on behalf of others similarly situated, appeals the order of the circuit court of Madison County that dismissed his class action complaint against the defendant, Nations Credit Financial Services Corp., doing business as EquiCredit (EquiCredit). The issues necessary for our determination of this appeal are as follows: (1) whether the circuit court erred in dismissing Gary Treadway's complaint on the basis that it is preempted by sections 85 and 86 of the National Bank Act (12 U.S.C. §§85, 86 (2000)) and (2) whether Gary Treadway's complaint is barred by the doctrine of *res judicata*. For the reasons that follow, we reverse the order of the circuit court dismissing this action and remand for further proceedings not inconsistent with this opinion.

FACTS

The facts necessary for our disposition of this appeal are as follows. In September

1

1999, Juanita Treadway (Mrs. Treadway) obtained a $15,000 loan from EquiCredit secured by a first mortgage on her home. Mrs. Treadway passed away in November 2001. On October 22, 2003, Mrs. Treadway's son, Gary Treadway, filed a class action complaint in the circuit court of Madison County against EquiCredit, which he amended on April 30, 2004 (the 2003 action). Although the 2003 action is not the subject of this appeal, it is a part of the record on appeal and we discuss it here due to the *res judicata* argument raised by EquiCredit in its brief.

The complaint in the 2003 action alleged that as a part of the closing costs for the 1999 loan to Mrs. Treadway, EquiCredit deducted $30 from the loan amount for what was described on the closing statement as "Overnights Airborne–Equi[C]redit." According to the 2003 complaint, Airborne Express charged less than $30 to deliver the closing documents to the title company and EquiCredit secretly kept the remainder of the $30 fee for itself. The 2003 complaint, as amended, contained two alternative counts for unjust enrichment.

While the 2003 action was pending, Gary Treadway filed the instant class action complaint in the circuit court of Madison County against EquiCredit on January 10, 2005 (the instant action). The complaint in the instant action alleged that as a part of the same 1999 loan transaction, EquiCredit charged Mrs. Treadway a $150 "loan discount fee." We note that the fee complained of in the instant action was charged as a part of the same $15,000 loan transaction involved in the 2003 action and appeared on the same settlement statement involved in the 2003 action. According to the complaint in the instant action, EquiCredit did not reduce Mrs. Treadway's interest rate in exchange for her payment of the "loan discount fee" but, instead, kept the fee as profit for itself. Count I of the complaint in the instant action alleged a cause of action for a breach of contract. Count II alleged a violation of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2004)). Count III alleged an alternative claim for unjust enrichment.

On February 24, 2005, the discovery deposition of Gary Treadway was taken on behalf of EquiCredit in the 2003 action. Gary Treadway testified that he did not accompany Mrs. Treadway to the closing on the 1999 loan that is also the subject of this action. He testified that he did not speak to Mrs. Treadway about the transaction until after the closing, when Mrs. Treadway told him she had taken out the loan. Gary Treadway does not know how Mrs. Treadway came to do business with EquiCredit, and neither he nor his siblings know any of the details of the transaction other than what is stated on the paperwork. Mrs. Treadway never told him she thought she had been overcharged on the transaction. Mrs. Treadway tended to her own affairs until her death. Gary Treadway knew nothing about any "questionable" fees until he was solicited by an attorney who was reviewing the paperwork associated with the transaction.

On February 25, 2005, EquiCredit filed a notice of removal to the United States District Court for the Southern District of Illinois in the instant action. On June 8, 2005, the United States District Court for the Southern District of Illinois entered an order remanding the case to the circuit court of Madison County. Meanwhile, EquiCredit filed a motion for a summary judgment in the 2003 action, arguing that the voluntary-payment doctrine barred Gary Treadway's claims.

Although EquiCredit's answer to Gary Treadway's complaint in the instant action does not appear in the record, apparently because it was filed in the federal court, Gary Treadway filed a reply to EquiCredit's eight affirmative defenses in the circuit court on August 18, 2005. According to the reply, EquiCredit's first affirmative defense stated that Gary Treadway's claims are barred by federal preemption. EquiCredit's eighth affirmative defense stated that in the event the case was remanded to state court, Gary Treadway's claim would be barred by section 2-619(3) of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619(3) (West 2004)) because there was another action pending between the same parties for

the same cause. Gary Treadway denied all of EquiCredit's affirmative defenses.

On September 6, 2005, EquiCredit filed a motion for leave to withdraw its answer in the instant action and for leave to file a motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2004)) on the ground that Gary Treadway's claim is completely preempted by the National Bank Act (12 U.S.C. §§85, 86 (2000)). In support of its motion, EquiCredit asserted that it did not have an opportunity to file such a motion prior to filing its answer because, at the time its answer was filed, the case had been removed to and was pending in federal court and there is no equivalent to section 2-619 of the Code under the federal rules of civil procedure. On October 13, 2005, the circuit court granted the motion for leave to withdraw the answer and to file the motion to dismiss.

EquiCredit filed its section 2-619 motion to dismiss in the instant action on October 19, 2005. As promised, EquiCredit argued that sections 85 and 86 of the National Bank Act completely preempts Gary Treadway's claims. However, EquiCredit chose not to argue in its motion to dismiss that Gary Treadway's claim is barred by section 2-619(3) of the Code because there was another action pending between the same parties for the same cause. On April 27, 2006, a hearing was held on EquiCredit's motion to dismiss in the instant action, and the motion was taken under advisement.

On June 26, 2006, while the motion to dismiss the instant action was under advisement, in the 2003 action the circuit court entered an order granting EquiCredit's motion for a summary judgment based on the voluntary-payment doctrine. Citing *Harris v. ChartOne*, 362 Ill. App. 3d 878, 881 (2005), the circuit court explained in its order that because Mrs. Treadway is now deceased and Gary Treadway testified that he is unaware of the facts and circumstances surrounding the loan transaction, Gary Treadway cannot produce evidence of Mrs. Treadway's state of mind sufficient to present a question regarding whether Mrs. Treadway's payment of the fees at issue was involuntary. The circuit court concluded

4

that a summary judgment was warranted based on the voluntary-payment doctrine because "[t]here is simply no evidence in the record *and no evidence that could be produced* as to [Mrs. Treadway]'s state of mind when she saw the HUD statement." (Emphasis in original.)

After the summary judgment was entered in the 2003 action, EquiCredit did not seek leave to amend its 2-619 motion to dismiss the instant action on the basis of *res judicata*. On July 10, 2006, the circuit court issued an order finding that sections 85 and 86 of the National Bank Act preempted Gary Treadway's claim and dismissing the instant action. On July 31, 2006, Gary Treadway filed a notice of appeal from the order dismissing the 2003 action. Gary Treadway also filed a timely notice of appeal in the instant action on August 8, 2006. On December 14, 2006, Gary Treadway voluntarily dismissed the appeal in the 2003 action.

## ANALYSIS

### 1. Standard of Review

We begin our analysis of the issues on appeal in the instant action with a discussion of the standard of review. The circuit court dismissed Gary Treadway's claims pursuant to section 2-619 of the Code, finding the claims preempted by the National Bank Act. "Section 2-619(a)(9) permits the dismissal of a claim when 'the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim.' 735 ILCS 5/2-619(a)(9) (West 2002); *Glisson v. City of Marion*, 188 Ill. 2d 211, 220 (1999)." *Moody v. Federal Express Corp.*, 368 Ill. App. 3d 838, 841 (2006). " 'The phrase "affirmative matter" refers to something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint.' " *Moody*, 368 Ill. App. 3d at 841 (quoting *Glisson*, 188 Ill. 2d at 220). "The standard of review for an order granting a motion to dismiss pursuant to section 2-619(a)(9) is *de novo*." *Moody*, 368 Ill. App. 3d at 841 (citing *Glisson*, 188 Ill. 2d at 220).

## 2. Preemption

Here, the circuit court dismissed the instant action on the basis that it is completely preempted by the National Bank Act (12 U.S.C. §§85, 86 (2000)). Section 85 of the National Bank Act provides, in relevant part, "Any association may take, receive, reserve, and charge on any loan or discount made *** interest at the rate allowed by the laws of the State, Territory, or District where the bank is located ***." 12 U.S.C. §85 (2000). Section 86 of the National Bank Act provides as follows:

"The taking receiving, reserving, or charging a rate of interest greater than is allowed by section 85 of this title, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: *Provided*, That such action is commenced within two years from the time the usurious transaction occurred." 12 U.S.C. §86 (2000).

In *Beneficial National Bank v. Anderson*, 539 U.S. 1, 11, 156 L. Ed. 2d 1, 10, 123 S. Ct. 2058, 2064 (2003), the United States Supreme Court found:

"In actions against national banks for usury, [sections 85 and 86] supercede both the substantive and the remedial provisions of state usury laws and create a federal remedy for overcharges that is exclusive, even when a state complainant *** relies entirely on state law. Because [sections] 85 and 86 provide the exclusive cause of action for such claims, there is, in short, no such thing as a state-law claim of usury against a national bank."

EquiCredit argues, and the circuit court held, that the United States Supreme Court's

6

holding in *Beneficial National Bank* applies to the instant action. In so holding, the circuit court relied primarily on *Phipps v. Federal Deposit Insurance Corp.*, 417 F.3d 1006 (8th Cir. 2005). In *Phipps*, at issue was whether the plaintiffs' claims that their lender had charged them unlawful and excessive fees, including a loan discount fee, in violation of Missouri's Second Mortgage Loan Act (Mo. Ann. Stat. §408.231 *et seq.* (West 2002)) were completely preempted by sections 85 and 86 of the National Bank Act. *Phipps*, 417 F.3d at 1009. The plaintiffs argued that their claims were not for interest but for fees and thus were not preempted. *Phipps*, 417 F.3d at 1011. The court of appeals disagreed, concluding that the plaintiffs' claims were for excessive interest and thus were completely preempted under *Beneficial National Bank*. *Phipps*, 417 F.3d at 1012.

The circuit court also relied on *Dannewitz v. EquiCredit Corp. of America*, 362 Ill. App. 3d 82 (2005), in making its finding that the instant cause is preempted by the National Bank Act. In *Dannewitz*, our colleagues in the First District held that the plaintiffs' claims that the defendant violated the Illinois Interest Act (815 ILCS 205/4 *et seq.* (West 2002)) and the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2002)) based on the inclusion of an allegedly unlawful prepayment penalty in the plaintiffs' residential mortgage loan were preempted by the National Bank Act. *Dannewitz*, 362 Ill. App. 3d at 87. In so holding, the court rejected the plaintiffs' argument that because the loans at issue were made by a nonnational bank and subsequently purchased by a national bank, the National Bank Act did not apply. *Dannewitz*, 362 Ill. App. 3d at 85.

We find neither of the decisions relied upon by the trial court determinative of the issue at hand. Gary Treadway does not allege that EquiCredit charged Mrs. Treadway interest that exceeded any limit imposed by any state or federal lending statute or regulation. Instead, Gary Treadway alleges a breach of contract, a violation of the Consumer Fraud and Deceptive Business Practices Act, and unjust enrichment based on EquiCredit's failure to

7

reduce Mrs. Treadway's interest rate in exchange for her payment of the loan discount fee. Accordingly, these are not the state law usury claims that were held to be completely preempted under the *Beneficial National Bank* court's analysis. Nor do we find this to be a case of ordinary preemption. As this court explained with regard to the federal preemption of state law contract actions in *Burton v. Airborne Express, Inc.*, 367 Ill. App. 3d 1026, 1032 (2006), where "the court's concern is restricted to the parties' bargain," there is no preemption. That is the instant action.

### 3. *Res Judicata*

EquiCredit argues in its brief that even if we conclude that the circuit court erred in its finding that Gary Treadway's claims are preempted by the National Bank Act, the claims are also barred by the doctrine of *res judicata* because the fees challenged in each action appeared on the same settlement statement and both fees were paid by one deduction from the loan proceeds. In response, Gary Treadway argues that EquiCredit waived the issue of *res judicata* by acquiescing in Gary Treadway's splitting of the causes of action into two separate lawsuits, and he cites *Thorleif Larsen & Son, Inc. v. PPG Industries, Inc.*, 177 Ill. App. 3d 656, 662 (1988), in support of his argument. In *Thorleif Larsen & Son, Inc.*, the court quoted and applied Comment *a* to section 26 of the Restatement (Second) of Judgments:

> " 'Where the plaintiff is simultaneously maintaining separate actions based upon parts of the same claim, and in neither action does the defendant make the objection that another action is pending based on the same claim, judgment in one of the actions does not preclude the plaintiff from proceeding and obtaining judgment in the other action. The failure of the defendant to object to the splitting of the plaintiff's claim is effective as an acquiescence in the splitting of the claim.' "
> *Thorleif Larsen & Son, Inc.*, 177 Ill. App. 3d at 662 (quoting Restatement (Second)

8

of Judgments §26, Comment *a*, at 235 (1982)).

We find that EquiCredit's conduct in this case rises to the level of acquiescence. Although EquiCredit's answer to Gary Treadway's complaint in the instant action does not appear in the record, Gary Treadway filed a reply to EquiCredit's affirmative defenses in the circuit court of Madison County on August 18, 2005, after the instant case had been remanded from the federal court. According to the reply, EquiCredit's eighth affirmative defense stated that in the event the case was remanded to state court, Gary Treadway's claim is barred by section 2-619(3) of the Code (735 ILCS 5/2-619(3) (West 2004)) because there was another action pending between the same parties for the same cause. However, EquiCredit later voluntarily withdrew that answer, including the affirmative defense that another action was pending, and filed a motion to dismiss based solely on federal preemption. In addition, EquiCredit did not move to amend its motion or file an alternative motion on the basis of *res judicata* after the summary judgment had been entered in the 2003 action. Based on EquiCredit's choice to proceed solely on federal preemption at this stage in the proceedings, we find that EquiCredit acquiesced to the splitting of the causes. Accordingly, we find that EquiCredit waived the issue of *res judicata* for purposes of this appeal by its failure to raise the issue in the circuit court.

CONCLUSION

For the foregoing reasons, the order of the circuit court that dismissed the instant action is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.


Reversed; cause remanded.


DONOVAN and CHAPMAN, JJ., concur.

9

NO. 5-06-0425

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| GARY TREADWAY, Special Representative of the Estate of Juanita Treadway, Deceased, Individually and on Behalf of Others Similarly Situated, | ) ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) | No. 05-L-27 |
| NATIONS CREDIT FINANCIAL SERVICES CORPORATION, d/b/a EquiCredit, | ) ) ) ) | Honorable |
| Defendant-Appellee. | ) ) | Lola P. Maddox, Judge, presiding. |

**Opinion Filed**:        November 26, 2007

**Justices**:       Honorable Stephen L. Spomer, J.

Honorable James K. Donovan, J., and
Honorable Melissa A. Chapman, J.,
Concur

**Attorneys for Appellant**      Bradley M. Lakin, Richard G. Burke, Gerald R. Walters, Gail G. Renshaw, The Lakin Law Firm, P.C., 300 Evans Avenue, P.O. Box 220, Wood River, IL 62095-1127; Paul M. Weiss, Freed & Weiss, L.L.C., 111 West Washington Street, Suite 1331, Chicago, IL 60602; Timothy F. Campbell, Campbell McGrady & Hoefert Law Offices, 3017 Godfrey Road, P.O. Box 505, Godfrey, IL 62035; Charles W. Chapman, Charles W. Chapman, Chartered, 300 Evans Avenue, P.O. Box 220, Wood River, IL 62095-1127; Phillip A. Bock, Robert M. Hatch, Diab & Bock, LLC, 20 North Wacker Drive, Suite 1741, Chicago, IL 60606

**Attorneys for Appellee**      Lawrence M. Benjamin, Neal, Gerber & Eisenberg LLP, 2 North LaSalle Street, Suite 2300, Chicago, IL 60602; Robert Shultz, Jr., Joseph P. Whyte, Heyl, Royster, Voelker & Allen, 103 W. Vandalia Street, Suite 100, P.O. Box 467, Edwardsville, IL 62025