NOTICE

Decision filed 07/17/08. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-06-0425

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

GARY TREADWAY, Special Representative ) Appeal from the
of the Estate of Juanita Treadway, Deceased, ) Circuit Court of
Individually and on Behalf of Others Similarly ) Madison County.
Situated, )
)
    Plaintiff-Appellant, )
)
v. ) No. 05-L-27
)
NATIONS CREDIT FINANCIAL SERVICES )
CORPORATION, d/b/a EquiCredit, ) Honorable
) Lola P. Maddox,
    Defendant-Appellee. ) Judge, presiding.
_____

JUSTICE SPOMER delivered the opinion of the court:

The plaintiff, Gary Treadway, the special representative of the estate of Juanita Treadway, deceased, individually and on behalf of others similarly situated, appeals the order of the circuit court of Madison County that dismissed his class action complaint against the defendant, Nations Credit Financial Services Corp., doing business as EquiCredit (EquiCredit). The plaintiff raises the following issues on appeal: (1) whether the circuit court erred in dismissing Gary Treadway's complaint on the basis that it is preempted by sections 85 and 86 of the National Bank Act (12 U.S.C. §§85, 86 (2000)) and (2) whether Gary Treadway's complaint is barred by the doctrine of *res judicata*.

On November 26, 2007, we issued an opinion in this case in which we found that the circuit court erred in dismissing Gary Treadway's claims on the basis of federal preemption. We also found that Mr. Treadway's complaint was not barred by the doctrine of *res judicata* because EquiCredit had acquiesced in the splitting of his causes of action. Accordingly, we

1

reversed the order of the circuit court that dismissed this action, and we remanded for further proceedings not inconsistent with our opinion. On December 14, 2007, EquiCredit filed a petition for a rehearing and an application for a certificate of importance pursuant to Illinois Supreme Court Rule 316 (Official Reports Advance Sheet No. 26 (December 20, 2006), R. 316, eff. December 6, 2006). On January 7, 2008, we granted EquiCredit's petition for a rehearing and denied its application for a certificate of importance. In its reply brief on rehearing, EquiCredit requests that we reconsider its application for a certificate of importance. Upon rehearing, and for the reasons set forth below, we affirm the order of the circuit court that dismissed this action because we find that Gary Treadway's complaint is barred by the doctrine of *res judicata*. We again deny EquiCredit's application for a certificate of importance.

FACTS

The facts necessary for our disposition of this appeal are as follows. In September 1999, Juanita Treadway (Mrs. Treadway) obtained a $15,000 loan from EquiCredit secured by a first mortgage on her home. Mrs. Treadway passed away in November 2001. On October 22, 2003, Mrs. Treadway's son, Gary Treadway, filed a class action complaint in the circuit court of Madison County against EquiCredit, which he amended on April 30, 2004 (the 2003 action). Although the 2003 action is not the subject of this appeal, it is a part of the record on appeal and we discuss it here because it is relevant to our *res judicata* analysis.

The complaint in the 2003 action alleged that as a part of the closing costs for the 1999 loan to Mrs. Treadway, EquiCredit deducted $30 from the loan amount for what was described on the closing statement as "Overnights Airborne-Equi[C]redit." According to the 2003 complaint, Airborne Express charged less than $30 to deliver the closing documents to the title company and EquiCredit secretly kept the remainder of the $30 fee

2

for itself. The 2003 complaint, as amended, contained two alternative counts for unjust enrichment.

While the 2003 action was pending, Gary Treadway filed the instant class action complaint in the circuit court of Madison County against EquiCredit on January 10, 2005 (the instant action). The complaint in the instant action alleged that as a part of the same 1999 loan transaction, EquiCredit charged Mrs. Treadway a $150 "loan discount fee." According to the complaint in the instant action, EquiCredit did not reduce Mrs. Treadway's interest rate in exchange for her payment of the loan discount fee but, instead, kept the fee as profit for itself. Count I of the complaint alleged a cause of action for a breach of contract. Count II alleged a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2004)) on the basis that the actions forming the basis of the breach-of-contract claim amounted to a deceptive practice. Count III alleged an alternative claim for unjust enrichment.

On February 24, 2005, the discovery deposition of Gary Treadway was taken on behalf of EquiCredit in the 2003 action. Gary Treadway testified that he did not accompany Mrs. Treadway to the closing on the 1999 loan and did not speak to Mrs. Treadway about the transaction until after the closing, when Mrs. Treadway told him she had taken out the loan. Gary Treadway does not know how Mrs. Treadway came to do business with EquiCredit, and neither he nor his siblings know any of the details of the transaction other than what is stated on the paperwork. Mrs. Treadway never told him she thought she had been overcharged on the transaction. Mrs. Treadway tended to her own affairs until her death. Gary Treadway knew nothing about any "questionable" fees until he was solicited by an attorney who was reviewing the paperwork associated with the transaction.

On February 25, 2005, EquiCredit filed a notice that it had removed the instant action to the United States District Court for the Southern District of Illinois. While the instant

3

action was pending in the federal court, EquiCredit filed an answer and affirmative defenses to Gary Treadway's complaint. EquiCredit raised the voluntary-payment doctrine as its sixth affirmative defense. EquiCredit's eighth affirmative defense stated that in the event the case was remanded to state court, Gary Treadway's claims would be barred by section 2-619(a)(3) of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619(a)(3) (West 2004)) because there was another action pending between the same parties for the same cause. On June 8, 2005, the United States District Court for the Southern District of Illinois entered an order remanding the case to the circuit court of Madison County. Once the instant action was remanded, Gary Treadway filed a reply to EquiCredit's affirmative defenses in the circuit court of Madison County on August 18, 2005. Gary Treadway denied all of EquiCredit's affirmative defenses. Meanwhile, EquiCredit filed a motion for a summary judgment in the 2003 action, arguing that the voluntary-payment doctrine barred Gary Treadway's claims.

On September 6, 2005, EquiCredit filed a motion for leave to withdraw its answer in the instant action and for leave to file a motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2004)) on the ground that Gary Treadway's claim is completely preempted by the National Bank Act (12 U.S.C. §§85, 86 (2000)). In support of its motion, EquiCredit asserted that it did not have an opportunity to file such a motion prior to filing its answer because, at the time its answer was filed, the case had been removed to and was pending in federal court and there is no equivalent to section 2-619 of the Code under the federal rules of civil procedure. On October 13, 2005, the circuit court granted the motion for leave to withdraw the answer and to file the motion to dismiss.

EquiCredit filed its section 2-619 motion to dismiss in the instant action on October 19, 2005. As promised, EquiCredit argued that sections 85 and 86 of the National Bank Act completely preempts Gary Treadway's claims. On April 27, 2006, a hearing was held on EquiCredit's motion to dismiss in the instant action. Additionally, on June 26, 2006, the

4

circuit court entered an order granting EquiCredit's motion for a summary judgment and dismissing the 2003 action based on the voluntary-payment doctrine. On July 10, 2006, the circuit court issued an order finding that sections 85 and 86 of the National Bank Act preempted Gary Treadway's claim and dismissing the instant action. On July 31, 2006, Gary Treadway filed a notice of appeal from the order dismissing the 2003 action. Gary Treadway also filed a timely notice of appeal in the instant action on August 8, 2006. On December 14, 2006, Gary Treadway voluntarily dismissed the appeal in the 2003 action.

ANALYSIS

1. Standard of Review

We begin our analysis of the issues on appeal in the instant action with a discussion of the standard of review. The circuit court dismissed Gary Treadway's claims pursuant to section 2-619 of the Code, finding the claims preempted by the National Bank Act. "Section 2-619(a)(9) permits the dismissal of a claim when 'the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim.' 735 ILCS 5/2-619(a)(9) (West 2002); *Glisson v. City of Marion*, 188 Ill. 2d 211, 220 (1999)." *Moody v. Federal Express Corp.*, 368 Ill. App. 3d 838, 841 (2006). " 'The phrase "affirmative matter" refers to something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint.' " *Moody*, 368 Ill. App. 3d at 841 (quoting *Glisson*, 188 Ill. 2d at 220). "The standard of review for an order granting a motion to dismiss pursuant to section 2-619(a)(9) is *de novo*." *Moody*, 368 Ill. App. 3d at 841 (citing *Glisson*, 188 Ill. 2d at 220). As previously noted, "We may, however, affirm the lower court on any basis in the record, regardless of whether the trial court considered that basis or whether its decision is actually supported by the bases it did consider." *Moody*, 368 Ill. App. 3d at 841 (citing *Bell v. Louisville & Nashville R.R. Co.*, 106 Ill. 2d 135, 148 (1985)).

5

## 2. Preemption

Here, the circuit court dismissed the instant action on the basis that it is completely preempted by the National Bank Act (12 U.S.C. §§85, 86 (2000)). Section 85 of the National Bank Act provides, in relevant part, "Any association may take, receive, reserve, and charge on any loan or discount made \*\*\* interest at the rate allowed by the laws of the State, Territory, or District where the bank is located \*\*\*." 12 U.S.C. §85 (2000). Section 86 of the National Bank Act provides as follows:

> "The taking receiving, reserving, or charging a rate of interest greater than is allowed by section 85 of this title, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: *Provided*, That such action is commenced within two years from the time the usurious transaction occurred." 12 U.S.C. §86 (2000).

In *Beneficial National Bank v. Anderson*, 539 U.S. 1, 11, 156 L. Ed. 2d 1, 10, 123 S. Ct. 2058, 2064 (2003), the United States Supreme Court found as follows:

> "In actions against national banks for usury, [sections 85 and 86] supercede both the substantive and the remedial provisions of state usury laws and create a federal remedy for overcharges that is exclusive, even when a state complainant \*\*\* relies entirely on state law. Because [sections] 85 and 86 provide the exclusive cause of action for such claims, there is, in short, no such thing as a state-law claim of usury against a national bank."

EquiCredit argues, and the circuit court held, that the United States Supreme Court's

holding in *Beneficial National Bank* applies to the instant action. In so holding, the circuit court relied primarily on *Phipps v. Federal Deposit Insurance Corp.*, 417 F.3d 1006 (8th Cir. 2005). In *Phipps*, at issue was whether the plaintiffs' claims that their lender had charged them unlawful and excessive fees, including a loan discount fee, in violation of Missouri's Second Mortgage Loan Act (Mo. Ann. Stat. §408.231 *et seq.* (West 2002)) were completely preempted by sections 85 and 86 of the National Bank Act. 417 F.3d at 1009. The plaintiffs argued that their claims were not for interest but for fees and thus were not preempted. *Phipps*, 417 F.3d at 1011. The court of appeals disagreed, concluding that the plaintiffs' claims were for excessive interest and thus were completely preempted under *Beneficial National Bank*. *Phipps*, 417 F.3d at 1012.

The circuit court also relied on *Dannewitz v. EquiCredit Corp. of America*, 362 Ill. App. 3d 82 (2005), in making its finding that the instant cause is preempted by the National Bank Act. In *Dannewitz*, our colleagues in the First District held that the plaintiffs' claims that the defendant violated the Illinois Interest Act (815 ILCS 205/4 *et seq.* (West 2002)) and the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2002)) based on the inclusion of an allegedly unlawful prepayment penalty in the plaintiffs' residential mortgage loan were preempted by the National Bank Act. 362 Ill. App. 3d at 87. In so holding, the court rejected the plaintiffs' argument that because the loans at issue were made by a nonnational bank and subsequently purchased by a national bank, the National Bank Act did not apply. *Dannewitz*, 362 Ill. App. 3d at 85.

We find neither of the decisions relied upon by the trial court determinative of the issue at hand. Gary Treadway does not allege that EquiCredit charged Mrs. Treadway interest that exceeded any limit imposed by any state or federal lending statute or regulation. Instead, Gary Treadway alleges a breach of contract, a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, and unjust enrichment based on EquiCredit's

7

failure to reduce Mrs. Treadway's interest rate in exchange for her payment of the loan discount fee. Accordingly, these are not the state law usury claims that were held to be completely preempted under the *Beneficial National Bank* court's analysis.

### 3. *Res Judicata*

Although we conclude that the circuit court erred in its finding that Gary Treadway's claims are preempted by the National Bank Act, we will address EquiCredit's argument that the claims are also barred by the doctrine of *res judicata*. "[F]or *res judicata* to bar a subsequent action, three requirements must be met: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there was an identity of cause of action; and (3) there was an identity of parties or their privies." *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 337 (1996). "If the three elements necessary to invoke *res judicata* are present, *res judicata* will bar not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit." *Rein*, 172 Ill. 2d at 338. Here, the first element of *res judicata* is met because there was a final judgment on the merits in the 2003 action that was rendered by the circuit court of Madison County, a court of competent jurisdiction. The third element of *res* judicata is also met, because there is obviously an identity of parties in the 2003 action and the instant action. Thus, the essential question is whether the second element of *res judicata* is met, that is, whether there was an identity of causes of action in the first and second suits.

In order to determine whether there is an identity of the cause of action, Illinois now uses the transactional test, rather than the same-evidence test. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 310-11 (1998). "[P]ursuant to the transactional analysis, separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc.*, 184 Ill. 2d at 311. Under the transactional test, claims

are "considered part of the same cause of action even if there is not a substantial overlap of evidence, so long as they arise from the same transaction." *River Park, Inc.*, 184 Ill. 2d at 311 (citing Restatement (Second) of Judgments §24, Comment *b*, at 199 (1982)).

Here, the 2003 action and the instant action arise from the same transaction–the 1999 loan transaction whereby Mrs. Treadway borrowed $15,000 from EquiCredit, secured by a first mortgage on her home. Both actions assert that EquiCredit improperly charged fees in connection with that loan transaction. The fees challenged in each action appeared on the same settlement statement, and both fees were paid by one deduction from the loan proceeds.

We find Gary Treadway's reliance on *LP XXVI, LLC v. Goldstein*, 349 Ill. App. 3d 237 (2004), misplaced. In that case, the court held that a prior mortgage foreclosure action and the action at issue for a deficiency judgment against the guarantor of a note secured by a mortgage did not involve the same cause of action under the transactional test for purposes of *res judicata*. *LP XXVI, LLC*, 349 Ill. App. 3d at 241. In so holding, the court focused on the well-settled law that upon a default, the mortgagee is allowed to choose whether to proceed on the note or guaranty or to foreclose upon the mortgage and that these remedies may be pursued consecutively or concurrently. *LP XXVI, LLC*, 349 Ill. App. 3d at 241-42. The same considerations are simply not present in this case.

Additionally, Gary Treadway argues that EquiCredit waived the issue of *res judicata* by acquiescing in Gary Treadway's splitting of the causes of action into two separate lawsuits, and he cites *Thorleif Larsen & Son, Inc. v. PPG Industries, Inc.*, 177 Ill. App. 3d 656, 662 (1988), and *Piagentini v. Ford Motor Co.*, 366 Ill. App. 3d 395, 402-03 (2006), *vacated*, 228 Ill. 2d 552 (2008) (supervisory order), in support of his argument. In *Thorleif Larsen & Son, Inc.*, the court applied Comment *a* to section 26 of the Restatement (Second) of Judgments:

" 'Where the plaintiff is simultaneously maintaining separate actions based

9

upon parts of the same claim, and in neither action does the defendant make the objection that another action is pending based on the same claim, judgment in one of the actions does not preclude the plaintiff from proceeding and obtaining judgment in the other action. The failure of the defendant to object to the splitting of the plaintiff's claim is effective as an acquiescence in the splitting of the claim.' " 177 Ill. App. 3d at 662 (quoting Restatement (Second) of Judgments §26, Comment *a*, at 235 (1982)).

The court in *Thorleif Larsen & Son, Inc.* found that the defendant had acquiesced to the splitting of the causes of action because the defendant had represented to the trial court in an argument on a motion to dismiss the first action that the plaintiff was not without a remedy because it had filed the second action. 177 Ill. App. 3d at 662. In the second action, the defendant had answered the complaint, raised affirmative defenses, and initiated pretrial discovery. *Thorleif Larsen & Son, Inc.*, 177 Ill. App. 3d at 662. Additionally, the record in *Thorleif Larsen & Son, Inc.* disclosed no objection on the defendant's part to the splitting of the claim. 177 Ill. App. 3d at 662.

In *Piagentini*, the plaintiffs filed a multicount complaint against the defendant. 366 Ill. App. 3d at 396. Thereafter, an agreed order for a partial summary judgment on some of the allegations in the complaint was entered. *Piagentini*, 366 Ill. App. 3d at 397. The plaintiffs then voluntarily dismissed the remaining claims pursuant to section 2-1009 of the Code (735 ILCS 5/2-1009 (West 2000)). *Piagentini*, 366 Ill. App. 3d at 397. Within one year of the voluntary dismissal, the plaintiffs refiled this cause of action. *Piagentini*, 366 Ill. App. 3d at 397. Court records, of which we may take judicial notice (see *Country Cos. v. Universal Underwriters Insurance Co.*, 343 Ill. App. 3d 224, 229 (2003)), reveal that the defendant did not raise another action pending or *res judicata* as an affirmative defense in its answer. Three and a half years after the refiled action was pending, which was also three

10

months prior to the trial date, the defendant filed a motion for a summary judgment in which it raised *res judicata* as a defense for the first time, arguing that because a partial summary judgment in the previous action had been entered on some counts, the plaintiffs were barred from refiling the remaining counts based on the same occurrence. *Piagentini*, 366 Ill. App. 3d at 397. The court found that because the defendant did not raise the defense of *res judicata* at the time of the refiling and instead waited until the parties had litigated the case for 3½ years, the defendant acquiesced in the splitting of the causes. *Piagentini*, 366 Ill. App. 3d at 403.

We find the case at bar to be distinguishable from both *Thorleif Larsen & Son, Inc.* and *Piagentini* and do not find that EquiCredit's conduct in this case rises to the level of acquiescence. It is important to note that the supreme court has vacated the appellate court's opinion in *Piagentini* and issued a supervisory order directing the appellate court to reconsider its judgment in light of *Hudson v. City of Chicago*, 228 Ill. 2d 462 (2008). *Piagentini v. Ford Motor Co.*, 228 Ill. 2d 552 (2008) (supervisory order). EquiCredit filed an answer and affirmative defenses to Gary Treadway's complaint after the instant action had been removed to federal court. EquiCredit's eighth affirmative defense stated that in the event the case was remanded to state court, Gary Treadway's claim would be barred by section 2-619(a)(3) of the Code (735 ILCS 5/2-619(a)(3) (West 2004)) because there was another action pending between the same parties for the same cause.

Although EquiCredit later moved to withdraw its answer, which contained the affirmative defense of another action pending, and chose to file a motion to dismiss based solely on federal preemption, we decline to find that this subsequent motion to dismiss on other grounds amounts to acquiescence. Pursuant to section 2-619(d) of the Code, the failure to raise a defense by motion does not preclude a party from raising a defense by answer. 735 ILCS 5/2-619(d) (West 2004). The only defense that the Code expressly

11

provides must be asserted in the first responsive pleading, or else it is forfeited, is the defense of a lack of personal jurisdiction. 735 ILCS 5/2-301(a) (West 2004). Accordingly, EquiCredit would be free to raise *res judicata* as an affirmative defense if this case were remanded to the circuit court.

In addition, the basis for the final judgment in the 2003 action–that Gary Treadway's claims are barred by the voluntary-payment doctrine–could still be raised by EquiCredit and is germane to the instant action. Based on the record, it seems that the analysis would be similar in both actions. The Illinois Supreme Court has recently reiterated the importance of *res judicata* as a doctrine of judicial economy that exists to avoid burdening the courts and litigants with duplicative litigation. *Hudson v. City of Chicago*, 228 Ill. 2d 462, 482 (2008). In the interests of judicial economy and because we can affirm on any basis in the record, we find that Gary Treadway's claims in the instant action are barred by the doctrine of *res judicata*.

## CONCLUSION

For the foregoing reasons, the order of the circuit court that dismissed the instant action is affirmed.

Affirmed.

DONOVAN, J., concurs.

JUSTICE CHAPMAN, dissenting:

I respectfully dissent from the majority opinion on rehearing. I agree with the court's analysis regarding the preemption issue. However, I am unpersuaded by the defendant's petition-for-rehearing argument regarding *res judicata*. I reiterate the court's earlier analysis.

12

EquiCredit argues in its brief that even if we conclude that the circuit court erred in its finding that Gary Treadway's claims are preempted by the National Bank Act, the claims are also barred by the doctrine of *res judicata* because the fees challenged in each action appeared on the same settlement statement and both fees were paid by one deduction from the loan proceeds. In response, Gary Treadway argues that EquiCredit waived the issue of *res judicata* by acquiescing in Gary Treadway's splitting of the causes of action into two separate lawsuits, and he cites *Thorleif Larsen & Son, Inc. v. PPG Industries, Inc.*, 177 Ill. App. 3d 656, 662 (1988), in support of his argument. In *Thorleif Larsen & Son, Inc.*, the court quoted and applied Comment *a* to section 26 of the Restatement (Second) of Judgments:

> " 'Where the plaintiff is simultaneously maintaining separate actions based upon parts of the same claim, and in neither action does the defendant make the objection that another action is pending based on the same claim, judgment in one of the actions does not preclude the plaintiff from proceeding and obtaining judgment in the other action. The failure of the defendant to object to the splitting of the plaintiff's claim is effective as an acquiescence in the splitting of the claim.' " *Thorleif Larsen & Son, Inc.*, 177 Ill. App. 3d at 662 (quoting Restatement (Second) of Judgments §26, Comment *a*, at 235 (1982)).

I find that EquiCredit's conduct in this case rises to the level of acquiescence. Although EquiCredit's answer to Gary Treadway's complaint in the instant action does not appear in the record, Gary Treadway filed a reply to EquiCredit's affirmative defenses in the circuit court of Madison County on August 18, 2005, after the instant case had been remanded from the federal court. According to the reply, EquiCredit's eighth affirmative defense stated that in the event the case was remanded to state court, Gary Treadway's claim would be barred by section 2-619(a)(3) of the Code (735 ILCS 5/2-619(a)(3) (West 2004))

13

because there was another action pending between the same parties for the same cause. However, EquiCredit later voluntarily withdrew that answer, including the affirmative defense that another action was pending, and filed a motion to dismiss based solely on federal preemption. In addition, EquiCredit did not move to amend its motion or file an alternative motion on the basis of *res judicata* after the summary judgment had been entered in the 2003 action. Based on EquiCredit's choice to proceed solely on federal preemption at this stage in the proceedings, I find that EquiCredit acquiesced to the splitting of the causes and thereby waived the issue of *res judicata* for purposes of this appeal by its failure to raise the issue in the circuit court.

NO. 5-06-0425

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| GARY TREADWAY, Special Representative of the Estate of Juanita Treadway, Deceased, Individually and on Behalf of Others Similarly Situated, | ) ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 05-L-27 |
| NATIONS CREDIT FINANCIAL SERVICES CORPORATION, d/b/a EquiCredit, | ) ) ) | Honorable Lola P. Maddox, |
| Defendant-Appellee. | ) ) | Judge, presiding. |

**Opinion Filed**:               November 26, 2007
**Petition for Rehearing Granted**:        January 7, 2008 (November 26, 2007, opinion vacated)
**Opinion on Rehearing Filed**:     July 17, 2008

**Justices**:        Honorable Stephen L. Spomer, J.

                 Honorable James K. Donovan, J., concurs

                 Honorable Melissa A. Chapman, J., dissents

**Attorneys for Appellant**     Bradley M. Lakin, Gerald R. Walters, Gail G. Renshaw, Richard J. Burke, The Lakin Law Firm, P.C., 300 Evans Avenue, P.O. Box 220, Wood River, IL 62095-1127; Timothy F. Campbell, Campbell, McGrady & Hoefert, 3017 Godfrey Road, P.O. Box 505, Godfrey, IL 62035; Charles W. Chapman, Charles W. Chapman, Chtd., 300 Evans Avenue, P.O. Box 220, Wood River, IL 62095-1127; Phillip A. Bock, Robert M. Hatch, Diab & Bock, LLC, 20 N. Wacker Drive, Suite 1741, Chicago, IL 60606; Paul M. Weiss, Freed & Weiss, LLC, 111 West Washington Street, Suite 1331, Chicago, IL 60602

**Attorneys for Appellee** IL     Lawrence M. Benjamin, Neal, Gerber & Eisenberg LLP, 2 North LaSalle Street, Suite 2300, Chicago, IL 60602; Robert Shultz, Jr., Joseph P. Whyte, Heyl, Royster, Voelker & Allen, 105 W. Vandalia Street, Suite 100, P.O. Box 467, Edwardsville,

62025